262 N.J. Super. 579 (1993)
621 A.2d 540
MICHAEL ROIG, PLAINTIFF-RESPONDENT,
v.
DAVID T. KELSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1992.
Decided March 15, 1993.
*580 Before Judges BILDER, BAIME and WALLACE.
Vincent Jesuele argued the cause for appellant (Kessler, Digiovanni & Jesuele, attorneys; Mr. Jesuele, on the brief).
Anthony Bartell argued the cause for respondent (McCarter & English, attorneys; Andrew T. Berry, of counsel; Mr. Bartell, on the brief).
The opinion of the court was delivered by WALLACE, J.S.C. (temporarily assigned).
In this appeal we are asked to consider whether N.J.S.A. 39:6A-12 prohibits recovery of the medical deductible and copayment under a personal injury protection (PIP) policy. We conclude that so long as the injured party qualifies to bring suit under the relevant No-Fault insurance policy, he or she may include in that action against the tortfeasor the amount of the *581 deductible and co-payment not otherwise collectible from other insurance sources.
The facts are uncomplicated. On January 15, 1990, defendant, David Kelsey was injured in an automobile accident involving plaintiff, Michael Roig. Defendant was eligible for PIP benefits for his bodily injuries under an automobile insurance policy issued to his sister, the named insured, with whom he resided. This insurance policy contained the basic $250 medical expense deductible and twenty percent co-payment for medical expenses between $250 and $5,000. Defendant's medical treatment expenses totalled $1,769.00. Due to the deductible and co-payment, $553.80 of the medical expense was unpaid. Defendant had no other health insurance at the time of the accident which would pay the unpaid medical expenses and sought recovery from plaintiff.
On August 12, 1991, plaintiff filed a declaratory judgment action seeking relief from the payment of the outstanding medical bills. Defendant answered. Plaintiff filed a motion for summary judgment contending that pursuant to N.J.S.A. 39:6A-12, defendant was prohibited from recovering the amounts of the deductible and co-payment from plaintiff. Defendant opposed the motion and cross-moved for summary judgment on the grounds that N.J.S.A. 39:6A-12 permitted recovery of the medical deductible and co-payment from plaintiff.
The motion judge concluded the Legislature intended to bar recovery of the deductible and co-payment from the tortfeasor, under N.J.S.A. 39:6A-12. He reasoned that the thrust of recent legislation was to transfer some of the cost of medical expenses from the automobile insurance industry to other health insurance carriers. Further he noted that to the extent the insured selects a higher deductible, the insured becomes a co-insurer since the insured chooses to bear the loss, rather than pay the additional premium. The motion judge concluded that the legislative intent was so clear that any contra-indication *582 in the statute must yield to it and granted plaintiff's summary judgment motion. We disagree and reverse.

I
When the Legislature enacted the New Jersey Automobile Reparation Reform Act, L. 1972, c. 70, it intended a person's no fault automobile insurance to be an injured person's exclusive remedy for medical expense claims arising out of an automobile accident. Smelkinson v. Ethel & Mac Corp., 178 N.J. Super. 465, 469, 429 A.2d 422 (App.Div. 1981). Although all medical expenses were to be paid regardless of fault, an injured person could only file a lawsuit when medical expenses exceeded a $200 threshold amount. L. 1972, c. 70, § 8. The Legislature hoped to eliminate minor injury claims from the court system and to reduce the cost of insurance. Prior to 1983, in the event an injured person was qualified to seek recovery of damages for bodily injury in a civil action, the amounts collectible or paid under personal injury protection coverage were not admissible. See N.J.S.A. 39:6A-12 (historical and statutory notes).
Insurance premiums continued to rise. The Legislature sought to combat the rising cost of insurance by introducing, among other things, tort options that an insured might select as part of the New Jersey Automobile Insurance Freedom of Choice and Cost Containment Act of 1984, L. 1983, c. 362. The insured was given the option to choose between a $200 or a $1,500 medical expense threshold before a personal injury suit could be filed. In addition, the insured had the option to select medical expense deductibles of $500, $1,000 or $2,500. See L. 1983, c. 362, § 14.1. The Legislature expected that the coordination of other health benefits with the personal injury protection coverage options would help to reduce the costs of automobile insurance. At the same time the Legislature provided for elective deductibles, it required that no new automobile insurance policy could be issued after July 1, 1984 unless the application contained a written notice of all available policy *583 coverages and identification of which coverages are mandatory and which are optional as well as all deductible, exclusion, set off and tort limitation options offered by the insurer. See N.J.S.A. 39:6A-23. This was known as the "buyers guide".
N.J.S.A. 39:6A-12 was also amended at the same time to exclude from admissibility in any civil action for recovery of damages for bodily injury evidence of the medical expenses paid or collectible as well as the amount of any deductible "otherwise compensated." As amended N.J.S.A. 39:6A-12 at that time read in pertinent part:
[E]vidence of the amounts collectible or paid ... to an injured person, including the amounts of any deductibles or exclusions elected by the named insured pursuant to section 13 of this 1983 amendatory and supplementary act, otherwise compensated is inadmissible in a civil action for recovery of damages for bodily injury by such injured person.
The court shall instruct the jury that, in arriving at a verdict as to the amount of the damages for noneconomic loss to be recovered by the injured person, the jury shall not speculate as to the amount of the medical expense benefits paid or payable under section 4 to the injured person.
Nothing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party.
(emphasis added).
Despite these efforts, the costs of automobile insurance continued to rise, and the Legislature amended the no-fault statute again in 1988. N.J.S.A. 39:6A-4 was amended to include a mandatory $250 medical deduction coupled with a co-payment of 20% for the medical expenses between $250 and $5,000 and the insured's choice between two types of tort options.[1]N.J.S.A. 39:6A-12 received minor changes at that *584 time. In the first paragraph "co-payments or exclusions" was substituted for "or exclusion elected by the named insured pursuant to section 13 of the 1983 amendatory and supplementary act" since there was now a mandatory co-payment and exclusion in every automobile insurance policy. The ability to recover against the tortfeasor for uncompensated economic loss was retained in the statute. Thus, the version of N.J.S.A. 39:6A-12 in force at the time the accident herein occurred provided in pertinent part:
[E]vidence of the amounts collectible or paid pursuant to [N.J.S.A. 39:6A-4 and N.J.S.A. 39:6A-10] ... to an injured person, including the amounts of any deductibles, copayments or exclusions... otherwise compensated is inadmissible in a civil action for recovery of damages for bodily injury by such injured person.
....
Nothing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party.
(emphasis added).
Defendant contends that the No-Fault statute does not restrict him from recovering his medical deductible and co-payment. He argues that under Section 12, only in the event his medical deductible and co-payment are "otherwise compensated" from another source is he restricted from including them in any civil action. Plaintiff contends that this was not the intent of the Legislature and such an interpretation would open the floodgates of litigation which is contrary to the purpose of the statute.
We have reviewed the Legislative history and are unable to find any reference to whether the Act was intended to exclude the recovery of medical deductibles and co-payments in a civil action. We note, however, that our No-Fault statute has consistently provided for the payment of medical benefits. Although amendments were adopted in an effort to reduce the cost of insurance, in part, by shifting the cost of some of the medical expenses to other types of insurance coverages, there is no indication of any intent to exclude recovery from the *585 tortfeasor of medical deductibles and co-payments if the injured party lacked other coverages to pay for these amounts.
"In determining the proper interpretation of a statute, the basic rule is that the statutory language should be given its ordinary meaning absent specific intent to the contrary." Mortimer v. Bd. of Review, 99 N.J. 393, 398, 493 A.2d 1 (1985). We think the plain language of the statute is what the Legislature intended. That is, unless the medical deductibles and co-payment are collectible from another source, i.e., "otherwise compensated," then the injured person may recover these amounts. In fact, as defendant argues the term "otherwise compensated" in Section 12 is superfluous if the medical deductible and co-payments cannot be recovered from the alleged tortfeasor. We agree.
By insertion of the language "otherwise compensated" and the "right of recovery of uncompensated economic loss" in Section 12 when the Legislature authorized medical deductibles, we think the Legislature recognized that if an injured person lacked other insurance to cover the medical deductibles and co-payments he or she could include the deductibles and co-payments as part of the claim since Section 12 expressly does not limit the right of recovery against a tortfeasor for "uncompensated economic loss" sustained. In this case, the medical deductible and co-payment is an uncompensated economic loss and may be included in an action to recover against the tortfeasor.
Nevertheless, plaintiff points to the more precise statutory language of other state statutes such as Kentucky and Florida to argue that our Legislature intended the deductible and co-payment to be excluded from recovery from the tortfeasor. For example, the Kentucky no-fault law provides in pertinent part:
Tort liability with respect to accidents occurring in this commonwealth and arising from the ... use of a motor vehicle is "abolished" for damages because of bodily injury ... to the extent the basic reparation benefits provided in this *586 subtitle are payable therefor[e], or that would be payable but for any deductible authorized by this subtitle, under any insurance policy....
The Kentucky courts interpret this statute to eliminate third-party actions for medical expenses "to the extent that basic reparation benefits are payable or would be payable but for any authorized deductible." Gussler v. Damron, 599 S.W.2d 775, 777 (Ky. Ct. App. 1980).
However, we believe our Legislature chose the words it intended to convey the meaning it desired. As we noted, if the interpretation advanced by plaintiff was the one intended by the Legislature, there would be no need to have included the words "otherwise compensated" in the statute. Such words clearly imply that if the deductible and co-payment amounts are not compensated from another insurance source they may be included in an action against the tortfeasor as uncompensated economic loss sustained by the injured party.
Moreover, we think it is important to note that the provision of Section 12 authorizing the right of recovery against the tortfeasor for "uncompensated economic loss" was added when deductibles and co-payments for medical expenses were added to the No-fault statute. Plaintiff contends that this language only refers to those categories of PIP type expenses  medical, income continuation, essential services and death benefits  which exceed the maximum amounts provided by N.J.S.A. 39:6A-4 or by N.J.S.A. 39:6A-10. As noted above we think this is too restrictive a reading of the plain language of Section 12. Section 12 does not limit recovery to PIP type expenses which only exceed the maximum benefits nor will we add such a limitation.
Whether the economic loss is sustained as part of the medical deductible and co-payment or is sustained from exceeding the amount provided in the relevant policy, it is still an uncompensated economic loss. Section 12 expressly provides that this statute does not "limit the right of recovery ... of uncompensated economic loss." N.J.S.A. 39:6A-12. We conclude *587 that uncompensated medical deductibles and co-payments are uncompensated economic losses which may be included as damages in a civil action against the tortfeasor.
Finally, plaintiff contends that our interpretation of the No-Fault law will open the flood gates of litigation. Plaintiff argues that because every insured is subject to at least the basic deductible and co-payment, every injured insured would have a third party claim for his or her below deductible expense. We think this argument goes too far. We read the right to sue for uncompensated economic loss under Section 12 to apply only when an injured person has a right to sue under N.J.S.A. 39:6A-8. As noted above, N.J.S.A. 39:6A-8a and b are two options which control when a claimant can sue for recovery of pain and suffering. In the event an injured person is able to sue under N.J.S.A. 39:6A-8, although evidence of losses collectible under PIP coverage is not admissible, evidence of uncompensated economic loss is admissible. If the injured person is not able to sue under N.J.S.A. 39:6A-8 because of failure to meet the threshold applicable to the type of coverage he or she has, then such injured person cannot sue to recover unpaid medical and co-payments under N.J.S.A. 39:6A-12.
Moreover, we think the language in the second paragraph of 39:6A-12 (directing the court to instruct the jury that "in arriving at a verdict as to the amount of the damages for noneconomic loss to be recovered by the injured person, the jury shall not speculate as to the amount of the medical expense benefits paid or payable....") reinforces the Legislative intent that Section 12 applies only in the event an injured person may bring suit under N.J.S.A. 39:6A-8. We believe this construction is consistent with the entire mosaic of the No-Fault statute and will not add to the number of lawsuits filed, but will only add to the amount of the claim against the tortfeasor.
In summary, we hold that an injured person qualified to sue for noneconomic loss may also include in his or her damage *588 claim the amount of any medical deductible and co-payment not otherwise compensated or collectible from alternate insurance sources. On the record before us, we are unable to discern whether defendant qualified to sue plaintiff for noneconomic loss. The judgment of the Law Division is reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] The first option allows recovery for non-economic losses (defined in the law as pain, suffering and inconvenience) resulting only from those personal injuries that fit into one of nine specified categories and has been variously characterized as a verbal or lawsuit threshold. N.J.S.A. 39:6A-8a. The other option allows unrestricted right to sue for recovery of non-economic damages and has been variously characterized as the zero dollar or no threshold option. N.J.S.A. 39:6A-8a. See Emmer v. Merin, 233 N.J. Super. 568, 574-75, 559 A.2d 845 (App.Div. 1989), certif. denied, 118 N.J. 181, 570 A.2d 950 (1989).