284 N.J. Super. 43 (1995)
663 A.2d 130
ROBERT BENNETT, PLAINTIFF-APPELLANT,
v.
NANCY HAND, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 22, 1995.
Decided August 28, 1995.
*44 Before Judges BRODY,[1] LONG and ARNOLD M. STEIN.
Joseph M. Scott argued the cause for appellant (Paul J. Baldini, P.A., attorneys; Paul J. Baldini on the brief).
Edward J. Tucker argued the cause for respondent (Tucker, Latterman & Munyon, attorneys; Mr. Tucker on the brief).
The decision of the court was delivered by ARNOLD M. STEIN, J.A.D.
We reverse the order entering summary judgment in favor of defendant. We conclude that a plaintiff who is involved in an automobile accident and does not satisfy the verbal threshold requirements of N.J.S.A. 39:6A-8a may sue to recover unreimbursed income losses.
The record is incomplete. Plaintiff claims that he was out of work from the date of the accident, October 12, 1989, until *45 February 9, 1990, with the exception of parts of three days when he unsuccessfully attempted to return to work. We have no record of plaintiff's total claimed wage loss, nor do we know his hourly, daily, weekly, monthly or annual wages. We cannot tell whether plaintiff received the $100 maximum weekly payment of income continuation benefits required by N.J.S.A. 39:6A-4b, or whether plaintiff's auto policy provided him with additional income continuation benefits pursuant to N.J.S.A. 39:6A-10.
N.J.S.A. 39:6A-8a bars persons subject to its provisions from recovery for non-economic loss if they do not meet the verbal threshold standards. Coverage for income continuation benefits must be included in every automobile liability insurance policy. N.J.S.A. 39:6A-4b.
N.J.S.A. 39:6A-12 provides:
[E]vidence of the amounts collectible or paid pursuant to [N.J.S.A. 39:6A-4] to an injured person, including the amounts of any deductibles, copayments or exclusions ... otherwise compensated is inadmissible in a civil action for recovery of damages for bodily injury by such injured person.
....
Nothing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party.
[N.J.S.A. 39:6A-12 (emphasis added).]
Read together, these two sections spell out a legislative purpose to permit an otherwise eligible person injured in an automobile accident to sue for loss of income regardless of whether the injured person has satisfied the verbal threshold requirements of N.J.S.A. 39:6A-8a, at least to the extent that the income loss is otherwise uncompensated by income continuation benefits or otherwise.
Roig v. Kelsey, 135 N.J. 500, 641 A.2d 248 (1994) is not applicable. There the Supreme Court held that the injured party could not recover medical deductible and co-payment not paid under a personal injury protection (PIP) policy. Id. at 515-16, 641 A.2d 248. Compensated medical deductibles and co-payments are fixed and capable of calculation at the time the insured is issued the policy. It is the insured who determines what type of *46 premium he or she will pay by selecting an appropriate deductible in exchange for a premium reduction. Id. at 514, 641 A.2d 248. Income loss is different. After the income continuation benefits are received by the insured, the income loss to the insured is uncollected or uncollectible unless suit can be brought by the insured for reimbursement of these income losses in the form of a lawsuit. We do not know what this plaintiff lost in income, but we do know that he claims to have been out of work for approximately four months. A four-month income loss places considerable stress upon most income earners, even after receipt of income continuation benefits and other collateral sources of payment.
We have considered the particular statute sections in question as part of the framework of an entire legislative scheme. Id. at 500, 641 A.2d 248. We recognize that one of the overall purposes of the no-fault law, N.J.S.A. 39:6A-1 to -20, is to ease court congestion and eliminate suits for relatively small amounts of money. Id. at 513, 641 A.2d 248. Income loss can involve a large sum of money in many cases where the verbal threshold statute cannot be met by the injured party.
Before Roig v. Kelsey, 262 N.J. Super. 579, 621 A.2d 540 (App. Div. 1993), rev'd, 135 N.J. 500, 641 A.2d 248 (1994) went to the New Jersey Supreme Court, we said:
If the injured person is not able to sue under N.J.S.A. 39:6A-8 because of failure to meet the threshold applicable to the type of coverage he or she has, then such injured person cannot sue to recover unpaid medical and co-payments under N.J.S.A. 39:6A-12.
Moreover, we think the language in the second paragraph of 39:6A-12 (directing the court to instruct the jury that "in arriving at a verdict as to the amount of the damages for noneconomic loss to be recovered by the injured person, the jury shall not speculate as to the amount of the medical expense benefits paid or payable....") reinforces the Legislative intent that Section 12 applies only in the event an injured person may bring suit under N.J.S.A. 39:6A-8. We believe this construction is consistent with the entire mosaic of the No-Fault statute and will not add to the number of lawsuits filed, but will only add to the amount of the claim against the tortfeasor.
[Id. at 587, 621 A.2d 540.]
We read that language to be limited to the question of whether a person can sue for reimbursed medical deductibles and co-payments *47 where the verbal threshold requirements have not been met. Our decision was reversed by the Supreme Court in Roig v. Kelsey, 135 N.J. 500, 641 A.2d 248 (1994) which held that the injured party is ineligible for reimbursement of the medical deductible even where the plaintiff is entitled to sue for noneconomic loss under the verbal threshold provisions of N.J.S.A. 39:6A-8a.
In accord with our decision is Shorter v. Leach, 277 N.J. Super. 617, 622, 650 A.2d 16 (Law Div. 1994) (dicta; "[P]laintiff, even though failing to meet the verbal threshold, may still maintain a suit for economic losses excluding, of course, any medical deductible and co-payment not paid under the PIP coverage of her policy.").
Reversed and remanded to the Law Division for reinstatement to the trial list.
NOTES
[1] Judge Brody did not participate in oral argument. However, the parties consented to his participation in the decision.