286 N.J. Super. 477 (1996)
669 A.2d 852
CATHRYNE M. LOFTUS-SMITH, PLAINTIFF-APPELLANT, AND GREGORY A. SMITH, HER HUSBAND,[1] PLAINTIFF,
v.
SUSAN MARGARET HENRY, WILLIAM C. JOBES, CORA S. COLLINS, CONCEPCIO FIGUEROA AND ZULMA M. FIGUEROA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1995.
Decided January 23, 1996.
*479 Before Judges MICHELS, BAIME and VILLANUEVA.
Franklin P. Solomon argued the cause for appellant (Tomar, Simonoff, Adourian & O'Brien, attorneys; Mr. Solomon, of counsel and on the brief).
Michael W. Glaze argued the cause for respondent Susan Margaret Henry (Gercke, Dumser & Feld, attorneys; Mr. Glaze, of counsel and on the brief).
Laurie Harrold Rizzo argued the cause for respondent William C. Jobes (Slimm & Goldberg, attorneys; Ms. Rizzo, of counsel and on the brief).
Daniel J. Gallagher argued the cause for Cora S. Collins (Youngblood, Corcoran, Aleli, Lafferty & Stackhouse, attorneys; Thomas M. O'Leary, on the statement in lieu of brief).
Frank P. Menaquale, Jr., argued the cause for Zulma M. Figueroa (John J. Spence, Jr., attorney; Mr. Menaquale, on the statement in lieu of brief).
The opinion of the court was delivered by VILLANUEVA, J.A.D.
Plaintiff Cathryne Loftus-Smith appeals from a summary judgment dismissing with prejudice her complaint for both economic and noneconomic damages because of her failure to satisfy the verbal threshold, N.J.S.A. 39:6A-8a (the Statute). The trial court held, inter alia, that plaintiff had not met the verbal threshold which barred her claims against defendant Susan Margaret Henry, a non-resident, as well as all the other defendants.
Plaintiff seeks a reversal of the summary judgment and a remand for a trial, contending that the trial court erred in ruling that (1) an out-of-state insurer neither transacting nor authorized to transact business in New Jersey is permitted to raise the verbal *480 threshold as a defense to full tort liability; (2) the verbal threshold was a bar to recovery of her economic losses; and (3) her injuries did not meet the standard of the verbal threshold with respect to her claims for noneconomic damages to survive summary judgment.
The primary issue is whether a non-resident automobile driver insured by a foreign insurance company not authorized to transact business in New Jersey but whose policy requires the company to afford personal injury protection (PIP) benefits to the same extent as the state in which an accident occurs is an "exempt" person under N.J.S.A. 39:6A-8a qualified to raise the verbal threshold as an affirmative defense. We hold that such a non-resident insured is not entitled to the benefit of the exemption.
On February 24, 1991, plaintiff, then 23 years of age, was involved in a five-car chain reaction accident. Her Nissan Sentra was struck in the rear by a Ford Mustang driven by Susan Margaret Henry, which in turn was struck from behind by William Jobes' car. Mr. Jobes' car was then hit from behind by Cora Collins' car, which was then struck from behind by Zulma Figueroa who was driving Concepcio Figueroa's car. After the accident, Henry's car was the only one that could not be driven away. In March 1991, Henry was found guilty of careless driving in the Westhampton Municipal Court.
Henry's driver's license showed her residence as Philadelphia, Pennsylvania. Her car, however, was registered in Arizona. Her insurance policy was issued in Arizona by North American Indemnity Company,[2] a Louisiana corporation, apparently authorized to transact business in Arizona but not New Jersey. Henry is subject to the verbal threshold on her automobile insurance policy.
Following the accident, plaintiff was taken to Burlington County Memorial Hospital where x-rays were taken and she was diagnosed *481 with "cervical h/s strain/sprain." The nature and extent of all of plaintiff's injuries are discussed infra at page 15.
Plaintiff alleges that she had intended to go to nursing school, but she is unable to do so because her doctors told her she cannot perform heavy lifting. Plaintiff's vocational-economist, assuming that plaintiff was medically precluded from performing certain exertional duties, estimated the difference between plaintiff's pre-injury earning capacity and her post-injury earning capacity to be as much as $15,000 annually since she would be limited to certain nonexertional jobs.
On September 4, 1991, plaintiff and Gregory A. Smith, her husband, filed a complaint in the Superior Court seeking economic and noneconomic damages against the following defendants: Susan Margaret Henry, William C. Jobes, Cora S. Collins, Concepcio Figueroa and Zulma M. Figueroa. Plaintiff's husband sought damages for loss of services and consortium. On June 24, 1993, a consent order dismissing Gregory A. Smith's claim was entered.
After all defendants filed motions for summary judgment to dismiss the complaint predicated upon plaintiff's failure to satisfy the verbal threshold, the trial court found that plaintiff did not set forth an objective test showing serious injury caused by the February 24, 1991, accident. The trial court reasoned that "the only objective test that plaintiff underwent which shows signs of an injury was the April 9, 1991, CAT scan; yet, the test result was the same as the CAT scan result after plaintiff's 1989 accident.... [N]ew injuries or a worsening of any of plaintiff's previous injuries have not been documented." The trial court thus concluded that the impact on plaintiff's life is irrelevant since plaintiff did not prove the first prong of Oswin v. Shaw, 129 N.J. 290, 609 A.2d 415 (1992), by producing objective credible medical evidence of an injury.
The trial court then rejected plaintiff's argument that Henry did not have standing to assert the verbal threshold as a defense because she is a Pennsylvania resident insured by a company not authorized to transact business in New Jersey. The trial court *482 ruled that all that is required for a defendant to raise the verbal threshold to bar plaintiff's claim is that PIP coverage be applicable. Henry's insurance policy indicates that at the time of the accident she had the right to PIP coverage at least in the minimum amounts and types of coverage that the foreign state of an accident requires. Therefore, the trial court held that Henry had standing to raise the verbal threshold as an affirmative defense.
On May 11, 1994, the trial court granted summary judgment in favor of all defendants dismissing plaintiff's claims for noneconomic loss but reserved the decision regarding economic loss until the Supreme Court decided Roig v. Kelsey, 262 N.J. Super. 579, 621 A.2d 540 (App.Div.), certif. granted, 133 N.J. 445, 627 A.2d 1149 (1993).
On October 7, 1994, after hearing arguments on plaintiff's motion for reconsideration, the trial court noted that subsequent to entry of the May 11 order, Roig v. Kelsey, 135 N.J. 500, 641 A.2d 248 (1994), had been decided. In Roig, the Supreme Court held that N.J.S.A. 39:6A-12 of the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35 (No-Fault Law), prohibits an injured party from recovering from a tortfeasor the medical-expense deductible and twenty-percent copayment under a PIP policy. The trial court, interpreting Roig, held that plaintiff is barred from recovering economic damages as well.
The trial court then addressed plaintiff's argument that in order for the verbal threshold to bar plaintiff's claim against Henry, N.J.S.A. 17:28-1.4, the "deemer" statute, must be satisfied. The trial court concluded that the
... Deemer statute is for the sole purpose of imposing the verbal threshold upon a class of people, plaintiffs. The verbal threshold is not a defense raised, but a law plaintiffs are subjected to so long as the requirements are met.... The Deemer statute does not apply to the defendants and, therefore, plaintiff's arguments fall.
Next, the trial court considered plaintiff's motion to reconsider the determination that plaintiff's injuries did not satisfy the verbal threshold and again concluded that plaintiff did not prove a *483 preexisting injury and the subsequent aggravation of such, and accordingly denied plaintiff's motion for reconsideration.
On October 24, 1994, plaintiff's complaint was dismissed with prejudice as to all defendants. Plaintiff appeals from that order.

I.
Plaintiff first argues that defendant Henry is precluded from asserting the verbal threshold of the Statute, N.J.S.A. 39:6A-8a, as a bar to plaintiff's claims since Henry's insurer is not required by any New Jersey statute to provide PIP benefits and therefore does not participate in the quid pro quo trade-off that is the basis of the no-fault insurance scheme.
A two-prong analysis is used to determine whether plaintiff is subject to the verbal threshold requirement of N.J.S.A. 39:6A-8a. Beaugard v. Johnson, 281 N.J. Super. 162, 167, 656 A.2d 1282 (App.Div. 1995); see also Weiss v. Thomas, 274 N.J. Super. 37, 41-42, 643 A.2d 29 (App.Div. 1994). The first prong directs an examination of the status of the defendant, namely, whether the defendant is the owner or operator of an "automobile" and is entitled to receive no-fault PIP benefits under N.J.S.A. 39:6A-4. The second prong focuses on the plaintiff's "characteristics," namely whether plaintiff is a person who is: (a) "subject to" the verbal threshold statute and (b)(i) is required to maintain PIP coverage, or (ii) has a right to receive PIP benefits under N.J.S.A. 39:6A-4. Weiss, supra, 274 N.J. Super. at 41-42, 643 A.2d 29.
A person is "required to maintain [PIP] coverage" if he or she is the "owner ... of an automobile registered or principally garaged in this State." N.J.S.A. 39:6A-3. A person has "a right to receive [PIP] benefits" if he or she is a member of named insured or his or her family residing in his or her household "sustained bodily injury as a result of an [automobile] accident."
Henry was not a "person who [was] required to maintain [PIP] coverage." Neither was she a person who had "the right to receive [PIP] benefits."
*484 In the more common case, the inquiry regarding this second element focuses on whether the defendant's vehicle is an "automobile," as defined in N.J.S.A. 39:6A-2a. In the instant case, however, the issue is whether Henry is a person for whom New Jersey PIP coverage is statutorily mandated. Whether the verbal threshold exemption may be raised as a defense herein therefore depends on the identity of the insurer of Henry's vehicle and whether PIP benefits for Henry are required by New Jersey. See Weiss, supra, 274 N.J. Super. at 41-42, 643 A.2d 29.
A treatise explains this issue as follows:
Because N.J.S. 39:6A-8a provides that the exemption applies only where N.J.S. 39:6A-4 applies to defendant's vehicle, when the accident occurs in New Jersey and defendant's vehicle is properly insured out-of-state the identity of that insurer determines the applicability of the 39:6A-8a exemption when plaintiff has chosen the verbal threshold. If defendant's insurer is authorized to transact or transacts insurance business in New Jersey, by operation of N.J.S. 17:28-1.4 defendant is "deemed" to be covered by 39:6A-4 and thus may benefit from the exemption requiring plaintiff to meet the verbal threshold. Where defendant's insurer neither transacts nor is authorized to transact business in New Jersey, 39:6A-4 cannot be said to apply to that vehicle thus precluding availability of the exemption.

[Cynthia M. Craig & Daniel J. Pomeroy, New Jersey Auto Insurance Law § 15:3-3b, at 186 (1995) (emphasis added).]
N.J.S.A. 39:6A-4 requires every automobile insurance policy to provide for the payment of certain PIP benefits without regard to fault of any kind. Dyszel v. Marks, 6 F.3d 116, 119 (3d Cir.1993). PIP benefits are paid by the injured party's insurance company, not the tortfeasor's insurance company. "Accordingly, all persons injured while using an automobile are entitled to receive PIP benefits from their own insurance company regardless of who is at fault for the accident." Gerald H. Baker, A Look At No Fault in 1994, 140 N.J.L.J. 236 (April 24, 1995).
In exchange for the advantages of the availability of PIP benefits, the no-fault insurance law imposes a limit on the right of persons injured in automobile accidents to recover noneconomic damages from the driver and/or owner who was at fault. With respect to noneconomic damages under the No-Fault Law, New Jersey residents are required to choose between the "verbal *485 threshold" option and the more expensive "full coverage" option. Taylor v. Rorke, 279 N.J. Super. 63, 67, 652 A.2d 207 (App.Div.), certif. denied, 141 N.J. 99, 660 A.2d 1197 (1995). Under the full coverage option, N.J.S.A. 39:6A-8b, the insured has the unlimited right to sue for noneconomic loss, including pain and suffering. Taylor-Segan v. Rajagopal, 275 N.J. Super. 286, 289, 645 A.2d 1272 (App.Div. 1994).
Under the verbal threshold option:
Every owner, registrant, operator or occupant of an automobile to which [N.J.S.A. 39:6A-4], personal injury protection coverage, regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection and who is either a person who is required to maintain the coverage mandated by this act, or is a person who has a right to receive benefits under [N.J.S.A. 39:6A-4], as a result of bodily injury, arising out of the ownership, operation, maintenance or use of such automobile in this State, unless that person has sustained a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute that person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment; ...
[N.J.S.A. 39:6A-8a.]
If an insured fails to elect either one of these tort options, he or she is deemed to have elected the verbal threshold option. N.J.S.A. 39:6A-8.1b; Taylor-Segan v. Rajagopal, supra, 275 N.J. Super. at 289, 645 A.2d 1272.
Nonresident insurers authorized to transact business in New Jersey are also subject to New Jersey's No-Fault Law by virtue of N.J.S.A. 17:28-1.4, which requires insurance companies authorized to transact business in New Jersey to include New Jersey PIP coverage in policies sold in other states whenever the vehicle insured is operated in this state. Adams v. Keystone Ins. Co., 264 N.J. Super. 367, 371, 375, 624 A.2d 1008 (App.Div. 1993). This particular statute provides that nonresident automobile owners or drivers whose insurers are authorized to transact business in this *486 state are subject to the verbal threshold restrictions set forth in N.J.S.A. 39:6A-8a. Taylor-Segan v. Rajagopal, supra, 275 N.J. Super. at 288, 645 A.2d 1272.
Most decisions involving nonresidents have dealt with nonresident automobile accident victims who sought damages against instate defendants and whose out-of-state insurance companies were authorized to transact business in New Jersey. See Dyszel v. Marks, supra, 6 F.3d at 121; Taylor v. Rorke, supra, 279 N.J. Super. at 66-67, 652 A.2d 207; Taylor-Segan v. Rajagopal, supra, 275 N.J. Super. at 289, 645 A.2d 1272; Adams v. Keystone Ins. Co., supra, 264 N.J. Super. at 369, 624 A.2d 1008; Watkins v. Davis, 259 N.J. Super. 482, 486, 614 A.2d 189 (Law Div. 1992), aff'd o.b., 268 N.J. Super. 211, 633 A.2d 112 (App.Div. 1993); cf. Phillips v. Phillips, 267 N.J. Super. 305, 308, 319, 631 A.2d 564 (App.Div. 1993) (plaintiffs were New Jersey residents and defendants were nonresidents whose insurer was authorized to transact business in New Jersey). The factual scenario herein is different, however, in that plaintiff is a resident subject to the verbal threshold in her insurance policy seeking noneconomic and economic damages against an out-of-state defendant (Henry) whose insurance company is not authorized to transact business in this state.
Henry essentially argues that she was provided with the minimum amount of PIP coverage required by N.J.S.A. 39:6A-4 because her insurance policy states that it provides the same "minimum amounts and types of coverage" required to be maintained by nonresidents whose insurers transact business in New Jersey. However, a private contract which includes some of the elements that would have been mandated by law had there been some basis for jurisdiction in this state does not satisfy the Statute. The coverages provided by such an insurance policy are strictly a private contractual matter between the insurer and the insured. In order to avail oneself of the benefits and defenses of the New Jersey No-Fault Law, one must be subject to its statutory scheme.
*487 Even though an out-of-state insurance company may voluntarily contract to provide its insured with New Jersey's level of PIP benefits where it was not required to do so by operation of the New Jersey No-Fault Law, the insurance company is not entitled to the benefit of the Statute's verbal threshold tort exemption when its insured is named as a defendant. An out-of-state driver or owner could be brought within the PIP statute's ambit only by operation of the "deemer" statute.
The plain language of N.J.S.A. 39:6A-8a establishes that Henry cannot raise the verbal threshold as an affirmative defense. The Statute states in pertinent part:
Every owner, registrant, operator or occupant of an automobile to which [N.J.S.A. 39:6A-4], personal injury protection coverage ... applies ... is hereby exempted from tort liability for noneconomic loss to a person who is subject to this subsection and who is either a person who is required to maintain the coverage mandated by this act, or is a person who has a right to receive benefits under section 4 of P.L. 1972, c. 70 (C. 39:6A-4).
[N.J.S.A. 39:6A-8a (emphasis added).]
Although plaintiff is a person subject to the verbal threshold in her insurance policy and is required to maintain coverage mandated by N.J.S.A. 39:6A-4, Henry is not an owner or operator of an automobile to whom section 4 applies. The fact that Henry's insurance policy happens to contain the coverage required by New Jersey is irrelevant; New Jersey does not require her to carry such coverage since her insurer is not authorized to transact business in this state.
The purpose of the verbal threshold is not to act as an arbitrary, blanket limitation on the right to bring suit but to limit that right only where it will further the goal of reducing insurance premiums for New Jersey residents. Limiting a plaintiff's right of recovery against a nonresident defendant and her out-of-state insurer cannot result in lower insurance costs in New Jersey and does not further the purpose of the No-Fault Law. There is no state interest in granting this insurer the statutory protection of tort exemption that is afforded insurers who actually serve the citizens of New Jersey.
*488 We reverse the summary judgment dismissing the complaint against Henry and allow plaintiff to proceed with her claim for noneconomic loss against Henry.

II.
Plaintiff next argues that she should not have been precluded from pursuing all of her economic losses (such as the lost opportunity to pursue a nursing career) against all defendants even though her noneconomic claims are barred against all defendants except Henry by the verbal threshold. Plaintiff alleges that she had intended to go to nursing school but because her doctors told her that she cannot perform heavy lifting, she is unable to do so. She says that she is "now a telemetry technician earning much less than I would have been able to [earn] as a registered nurse."
Robert R. Wolf, E.D., M.B.A., issued a Vocational-Economic Loss Report for plaintiff. He assumed for the purposes of the report that plaintiff was medically precluded from performing certain exertional duties. Dr. Wolf found that plaintiff's "medical impairment has resulted in a disability pursuant to an alteration of her capacity to meet occupational demands within her experiential and educational background." He estimated her pre-injury earning capacity to be between $40,000 and $45,000 and, because she would be limited to certain nonexertional jobs, her post-injury earning capacity to be between $30,000 and $35,000.
Recently, we held that a plaintiff who is involved in an automobile accident and does not satisfy the threshold requirements of N.J.S.A. 39:6A-8a, which bars recovery for noneconomic loss except in certain instances, may nonetheless recover unreimbursed income losses to the extent that income loss is otherwise uncompensated by income continuation benefits or otherwise. Bennett v. Hand, 284 N.J. Super. 43, 45, 663 A.2d 130 (App.Div. 1995). We relied upon N.J.S.A. 39:6A-12 which states: "Nothing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party." Id. at 45, 663 A.2d 130.
*489 Defendants argue that even if lost income is recoverable, plaintiff has lost no income and any projected loss is speculative. However, in opposition to defendants' motions for summary judgment, plaintiff offered competent evidence sufficient to permit a jury to find that she will sustain a substantial loss during her long worklife by not being able to become a registered nurse. That evidence was sufficient to defeat defendants' motions for summary judgment. See Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 523, 666 A.2d 146 (1995).
We are mindful that from the inception of the no-fault statutory scheme, the Legislature intended to eliminate minor personal-injury-automobile-negligence cases from the court system, Roig v. Kelsey, supra, 135 N.J. at 510, 641 A.2d 248; and permitting a person whose injuries do not satisfy the verbal threshold to recover lost income, at least to the extent that the income loss is otherwise uncompensated, will cause many claims for lost income in minor automobile accident cases. However, the Legislature clearly provided for recovery of such "uncompensated economic loss." N.J.S.A. 39:6A-12.
Therefore, plaintiff is entitled to a trial on her claimed economic losses against all defendants.

III.
Plaintiff argues that the trial court erred in ruling that plaintiff's injuries did not meet the standard to survive summary judgment on the verbal threshold.
To meet the verbal threshold, plaintiff must submit objective credible evidence of an injury and disability that fits the statutory definition of "serious injury." Oswin v. Shaw, supra, 129 N.J. at 318-19, 609 A.2d 415. The trial court found that plaintiff failed to produce an objective test showing any serious injury.
Plaintiff argues that she submitted medical evidence that at least presents a question for the jury. She points to the computed *490 tomography scan (CT scan) that demonstrated a bulging disc at the L4-5 level and medical reports indicating paraspinal muscle spasm. She relies also on her doctors' recommendations that she not lift over forty pounds and her own assertions that she no longer enjoys the recreational activities she used to enjoy.
Plaintiff had been in a previous automobile accident on August 9, 1989, in which she had apparently suffered an injury to her lower back. Copies of plaintiff's medical records indicate that she was being treated by three physicians for her injuries until February 1990. In October 1990 she exacerbated the injuries and underwent additional treatment until December 1990. A report from Dr. Sharetts in November 1990 noted lumbar paraspinal spasm and indicated that "plaintiff is going back to school, using a corset and a TENS unit [for] back pain and radicular leg pain." On several occasions after the 1989 accident, doctors stated that plaintiff should not perform heavy lifting. On April 5, 1991, she settled the case involving the 1989 accident.
Less than two months after her last visit occasioned by the 1989 accident, plaintiff returned for treatment for symptoms allegedly arising from the February 24, 1991, accident. Plaintiff claims that the more recent accident aggravated her previously existing lower back condition. She also claims that she sustained injuries in the 1991 accident which required her to undergo therapy and rehabilitation. Plaintiff emphasizes that because she cannot lift more than forty pounds, she cannot pursue her nursing career; however, after the 1989 accident Dr. Wulfsberg placed a thirty-five pound weight lifting restriction on plaintiff.
Plaintiff had x-rays taken of the cervical and lumbosacral spine on the day of this accident. Although she was diagnosed with cervical and lumbosacral strain and sprain, those x-rays revealed a normal cervical and lumbar spine and a normal sacrum. Plaintiff again underwent a CT scan of the lumbar spine on April 9, 1991. The results of this scan were reported as being similar to the results of the one performed on October 18, 1990, which predates the accident in question and which was normal, and that the L4-5 *491 small midline bulge revealed in the CT scan may be of no clinical significance. Subsequent CT scans performed on April 24, 1991, and December 19, 1991, revealed a normal cervical spine. At no time following this accident did any clinical examination indicate anything other than that plaintiff has a moderate amount of cervical and paraspinal spasm, noted in one report, and a relatively normal range of motions in the cervical and lumbar regions.
The April 9, 1991, CT scan is dispositive. At that time Dr. Partnow found only a "small midline bulge of the annulus at L4-5" that "may not be of clinical significance." He compared it with a CT scan performed in October 1990 that was reported as normal and found the two scans to be similar.
The trial court's finding that plaintiff submitted no objective proof of a serious injury is supported by adequate, substantial and credible evidence in the record. Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484, 323 A.2d 495 (1974). More importantly, since plaintiff sustained similar injuries in a prior accident for which she had received treatments until approximately two months before this accident, she was required to submit competent proofs comparing the two accidents. Polk v. Daconceicao, 268 N.J. Super. 568, 575, 634 A.2d 135 (App.Div. 1993). We stated in Polk that
[a] diagnosis of aggravation of a pre-existing injury or condition must be based upon a comparative analysis of the plaintiff's residuals prior to the accident with the injuries suffered in the automobile accident at issue. This must encompass an evaluation of the medical records of the patient prior to the trauma with the objective medical evidence existent post trauma. Without a comparative analysis, the conclusion that the pre-accident condition has been aggravated must be deemed insufficient to overcome the threshold of N.J.S.A. 39:6A-8a.
[Ibid.]
Because plaintiff failed to submit such proof, the trial court properly concluded that she failed to satisfy the standard required by Polk.
We affirm the dismissal of all noneconomic claims asserted against Jobes, Collins and the Figueroas substantially for the *492 reasons set forth by the trial court on March 31, 1994, and October 7, 1994; we reverse the dismissal of noneconomic claims against Henry; and we reverse the dismissal of economic claims against all defendants and remand for further proceedings in accordance with this opinion.
NOTES
[1] Gregory A. Smith's complaint was dismissed by a consent order. He has not appealed.
[2] North American Indemnity Company went into receivership, and at the time of the accident Henry was insured by the Arizona Property and Casualty Insurance Guaranty Fund.