288 N.J. Super. 185 (1996)
672 A.2d 194
CONTINENTAL INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
BLANCHE McCLELLAND, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 9, 1996.
Decided March 1, 1996.
*187 Before Judges VILLANUEVA and KIMMELMAN.
Robert A. Auerbach, attorney for appellant (Randi S. Greenberg, of counsel and on the brief).
Steven G. Kraus, attorney for respondent (Mr. Kraus, of counsel and on the brief).
The opinion of the court was delivered by VILLANUEVA, J.A.D.
Defendant Blanche McClelland appeals from a partial summary judgment striking her verbal threshold defenses in this statutory subrogation action brought by plaintiff Continental Insurance Company against her to recover workers' compensation payments of $4,079.28 made to and on behalf of Scott McLaughlin as a result of his work-related motor vehicle accident allegedly caused by defendant. The payments represented medical expenses of $1,950.88 and temporary disability benefits of $2,128.40. The trial court held that McLaughlin's election of the verbal threshold in his own insurance policy did not deprive plaintiff of its right to recover the amounts it had paid to him.
McLaughlin, who was operating his 1984 Subaru in the course of his employment when the accident occurred, did not pursue an action against defendant. His workers' compensation carrier, plaintiff herein, then filed suit against defendant to recoup the *188 workers' compensation benefits it had paid to or on behalf of McLaughlin. After hearing cross-motions, the trial court entered an order granting partial summary judgment in favor of plaintiff and striking defendant's five separate defenses of the verbal threshold, N.J.S.A. 39:6A-8(a). The court basically held that plaintiff could recoup the benefits it paid to McLaughlin without being barred by the verbal threshold. The remaining issues concerning liability and damages were resolved by entry of a consent judgment against defendant.
This case concerns the interplay between the workers' compensation lien statutes and the personal injury protection (PIP) statutes. Plaintiff claims that the issue is whether or not the trial court properly found that the lien section of the workers' compensation statutes, N.J.S.A. 34:15-40(f), is unaffected by the collateral source rule, N.J.S.A. 39:6A-6, the evidence bar of N.J.S.A. 39:6A-12, or the verbal threshold statute, N.J.S.A. 39:6A-8, in a situation where workers' compensation payments are made as a result of an automobile accident. We believe that the sole issue is whether McLaughlin's election of the verbal threshold bars his employer's claim for reimbursement pursuant to N.J.S.A. 34:15-40.
N.J.S.A. 39:6A-8(a) authorizes certain defendants to assert a verbal threshold defense. In Beaugard v. Johnson, 281 N.J. Super. 162, 167-168, 656 A.2d 1282 (App.Div. 1995), we noted that the test for applicability was two-fold. Initially, it is necessary to examine the status of the defendant and determine whether he or she is entitled under N.J.S.A. 39:6A-4 to receive no-fault PIP benefits. Id. at 167, 656 A.2d 1282; see also Loftus-Smith v. Henry, 286 N.J. Super. 477, 482, 669 A.2d 852, 854 (App.Div. 1996). Next, it must be established that the injured person is subject to the verbal threshold and either is required to maintain PIP coverage or has a right to receive PIP benefits. Beaugard v. Johnson, supra, 281 N.J. Super. at 168, 656 A.2d 1282. Here, McLaughlin is subject to the verbal threshold by his selection on his personal automobile insurance policy. Because of the ownership of the automobile, McLaughlin is required to maintain PIP *189 coverage. Thus, the second prong of the test is clearly met. Therefore, our discussion will address only the first prong.
Plaintiff seeks to bring its action against defendant pursuant to N.J.S.A. 34:15-40 which provides, in pertinent part, as follows:
Where a third person is liable to the employee or his dependents for an injury or death, the existence of a right of compensation from the employer or insurance carrier under this statute shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein. In the event that the employee or his dependents shall recover and be paid from the said third person or his insurance carrier, any sum in release or in judgment on account of his or its liability to the injured employee or his dependents, the liability of the employer under this statute thereupon shall be only such as is hereinafter in this section provided.
(f) When an injured employee or his dependents fail within 1 year of the accident to either effect a settlement with the third person or his insurance carrier or institute proceedings for recovery of damages for his injuries and loss against the third person, the employer or his insurance carrier, 10 days after a written demand on the injured employee or his dependents, can either effect a settlement with the third person or his insurance carrier or institute proceedings against the third person for the recovery of damages for the injuries and loss sustained by such injured employee or his dependents and any settlement made with the third person or his insurance carrier or proceedings had and taken by such employer or his insurance carrier against such third person, and such right of action shall be only for such right of action that the injured employee or his dependents would have had against the third person, and shall constitute a bar to any further claim or action by the injured employee or his dependents against the third person. ...
[N.J.S.A. 34:15-40 (emphasis added).]
This statute reserves to the injured employee a cause of action against the third party and creates a right of reimbursement in the employer or its insurance carrier. McMullen v. Maryland Casualty Co., 127 N.J. Super. 231, 235, 317 A.2d 75 (App.Div. 1974), aff'd sub nom. McMullen v. Conforti & Eisele Inc., 67 N.J. 416, 341 A.2d 334 (1975); Arnone v. Murphy, 153 N.J. Super. 584, 585, 380 A.2d 734 (Law Div. 1977). This right is commonly referred to as "statutory subrogation."
Whether or not an injured plaintiff who is subject to the verbal threshold by his own automobile insurance policy is able to recover workers' compensation benefits is immaterial to an action *190 against a defendant tortfeasor. Defendant's liability is not affected by the fortuitous circumstance that plaintiff was entitled to workers' compensation benefits. The compensation carrier's rights rise no higher than the employee's rights to which it is subrogated. Plaintiff was clearly entitled to receive PIP benefits for his economic loss. Whether he received them is immaterial.
Although N.J.S.A. 34:15-40 authorizes an employer to institute the action against the tortfeasor if the injured person does not do so, "the third party shall be liable only to the same extent as he would have been liable had the employee himself instituted suit within a year of the accident." Bello v. Commissioner of Dept. of Labor and Indus., 56 N.J. 41, 46-47, 264 A.2d 222 (1970); Schweizer v. Elox Div. of Colt Indus., 133 N.J. Super. 297, 307, 336 A.2d 73 (Law Div. 1975), aff'd, 70 N.J. 280, 359 A.2d 857 (1976). Thus, since McLaughlin was subject to the verbal threshold, his workers' compensation carrier is subject to that defense in an action seeking recovery from defendant.
In the trial court, plaintiff argued that its loss was entirely economic and therefore outside the scope of N.J.S.A. 39:6A-8(a), which bars recovery for noneconomic loss unless its criteria are met. There is merit to plaintiff's claim because N.J.S.A. 39:6A-12 specifically states that the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35, does not limit "the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party." Had McLaughlin not had a work-related accident, he could have received medical payments and income continuation benefits under his automobile insurance policy. McLaughlin could not have recovered any medical payments from defendant. Roig v. Kelsey, 135 N.J. 500, 515, 641 A.2d 248 (1994). Furthermore, PIP benefits are paid by the injured party's automobile insurance carrier (or workers' compensation carrier as in this case), not by the tortfeasor's insurance company. Gerald H. Baker, A Look at No Fault in 1994, 140 N.J.L.J. 236 (April 24, 1995).
*191 However, if defendant were found liable for this accident,[1] McLaughlin could have recovered uncompensated income loss from defendant of $100 per week as provided by N.J.S.A. 39:6A-4(b) (or whatever additional amount McLaughlin was entitled to receive under his insurance policy).[2]See Loftus-Smith v. Henry, supra, 286 N.J. Super. at 487-489, 669 A.2d at 857-858; Bennett v. Hand, 284 N.J. Super. 43, 45, 663 A.2d 130 (App.Div. 1995). Therefore, the carrier is subrogated to McLaughlin's claim.
Because the record does not indicate whether McLaughlin actually had an uncompensated income loss, it is necessary to remand this matter to the trial court for it to determine this issue.
We reverse that part of the order striking separate defenses and remand to the trial court for further proceedings.
NOTES
[1] We are aware of the consent order entering final judgment of $4,133.55 on May 3, 1955, in favor of plaintiff, but we are unable to determine if the defendant has admitted 100% liability for this accident. The order specifically reserved defendant's right to appeal with regard to the verbal tort threshold.
[2] The record does not disclose what his lost income benefits were under his insurance policy.