836 A.2d 856

LARRY PATTERSON AND ANGIE PATTERSON, HUSBAND AND WIFE, PLAINTIFFS v. ADVENTURE TRAILS, LUIS NIEVES, JOHN DOE, JANE, DOE, ABC PARTNERSHIPS, AND XYZ CORPORATIONS, JOINTLY, SEVERALLY, AND IN THE ALTERNATIVE, DEFENDANTS.

Superior Court of New Jersey
Law Division Atlantic County

Decided June 11, 2003.

*Michael J. Mackler*, for plaintiffs (*Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, P.C.*)

*F. Herbert Owens, III*, for defendants Adventure Trails and Luis Nieves (*Sweeney & Sheehan, P.C.*)

446

PERSKIE, J.S.C.

On November 18, 1999, plaintiff Larry Patterson [1] was a passenger on a bus owned by Defendant Adventure Trails, operated by defendant Luis Nieves (collectively, "Defendants"). Plaintiff claims an injury from Nieves' negligence in closing the bus door on plaintiff. The parties agree that plaintiff's claim for noneconomic damages is barred by operation of the "verbal threshold" statute applicable to motor buses, *N.J.S.A.* 17:28–1.7, and that the only element of damages asserted in this matter is a $2,060.79 claim for medical expenses. Plaintiff brings this action on behalf of his workers' compensation carrier, pursuant to a subrogation agreement, because the carrier paid these medical expenses on plaintiff's behalf. Defendants have moved for summary judgment, arguing that the claim for medical expenses is barred pursuant to *Continental Ins. Co. v. McClelland*, 288 *N.J.Super.* 185, 672 *A.2d* 194 (App.Div.1996). Plaintiff cross-moves for summary judgment, asserting that, while *McClelland* would have barred the claim prior to the effective date of the Automobile Insurance Cost Reduction Act of 1998, *N.J.S.A.* 39:6A–1.1 *et seq.* ("AICRA"), the enactment of that statute "supercedes" the decision and requires a contrary result. For the reasons that follow, I hold that *McClelland* still controls, and that plaintiff's claim for medical expenses is barred by AICRA; therefore, defendants' motion for summary judgment is granted and plaintiff's motion is denied.

In *McClelland*, the trial court had determined that the plaintiff's election of the verbal threshold did not deprive his workers' compensation insurance carrier of the right to recover the amounts that the carrier had paid to plaintiff for medical expenses and temporary disability benefits. The Appellate Division considered the relationship between *N.J.S.A.* 34:15–40, which creates a right of reimbursement in an employer or its insurance carrier for sums paid to an injured employee ("statutory subrogation"), and

[1] Plaintiff Angie Patterson asserts a per quod claim; all references to "Plaintiff" shall mean Larry Patterson.

the then-current version of *N.J.S.A.* 39:6A–8(a), the provision of the "verbal threshold" which barred a third-party claim for personal injury protection (PIP) benefits that were available from an injured party's own automobile insurance carrier. The court noted:

Whether or not an injured plaintiff who is subject to the verbal threshold by his own automobile insurance policy is able to recover workers' compensation benefits is immaterial to an action against a defendant tortfeasor. Defendant's liability is not affected by the fortuitous circumstance that plaintiff was entitled to workers' compensation benefits. The compensation carrier's rights rise no higher than the employee's rights to which it is subrogated. Plaintiff was clearly entitled to receive PIP benefits for his economic loss. Whether he received them or not is immaterial. Although *N.J.S.A.* 34:15–40 authorizes an employer to institute the action against the tortfeasor if the injured person does not do so, "the third party shall be liable only to the same extent as he would have been liable had the employee himself instituted suit within a year of the accident." Thus, since [plaintiff] was subject to the verbal threshold, his workers' compensation carrier is subject to that defense in an action seeking recovery from defendant. *McClelland, supra,* 288 *N.J.Super.* at 189–190, 672 *A.*2d at 196 (citations omitted).

The *McClelland* court barred that portion of the claim that related to medical expenses. Because plaintiff's claim here is solely for the payment of medical expenses that, if not paid by the workers' compensation carrier, would have been reimbursable under the PIP provisions of his automobile insurance, the rationale of *McClelland* applies to the facts of this case and bars plaintiff's claim unless, as asserted by plaintiff, the enactment of AICRA "supercedes" the court's holding.

In reaching its conclusions, the *McClelland* court relied in part upon the decision in *Roig v. Kelsey,* 135 *N.J.* 500, 641 *A.*2d 248 (1994). In that case, the Supreme Court held that the relevant provision of the Automobile Reparation Reform Act, *N.J.S.A.* 39:6A–12, ("Section 12") prohibited a claim against the tortfeasor by an injured motorist for the deductible and copayment portions of the motorist's PIP policy. The Supreme Court was "convinced that the Legislature did not intend that the insured could sue the tortfeasor for the minor amounts of unpaid deductibles and copayments," *Roig, supra,* 135 *N.J.* at 515, 641 *A.*2d at 256, notwithstanding the Supreme Court's acknowledgement of the "plain

language" of Section 12 that appeared to permit just such a claim ("Nothing in this section shall be construed to limit the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party").[2] The Court concluded with the (self-evident) observation that "if the Legislature disagrees with our interpretation of its intent, it is, of course, empowered to enact clarifying legislation." *Id.* at 516, 641 *A.*2d at 257.

The Legislature did just that. In enacting AICRA in 1998, specifically *N.J.S.A.* 39:6A–2k, the Legislature defined an "economic loss" that could be asserted against a tortfeasor, notwithstanding the bar of the verbal threshold, as an "uncompensated loss of income or property, or other uncompensated expenses, including, but not limited to, medical expenses." This enactment has been interpreted as "effectively overruling" *Roig.* Craig & Pomeroy, *New Jersey Auto Insurance Law,* 238 (GANN, 2003).

The question thus presented is which statute prevails over the other. The workers' compensation statute, *N.J.S.A.* 34:15–40, allows a workers' compensation carrier, through subrogation, to assert a claim for payments made to reimburse an injured worker for medical bills against a tortfeasor. The entire thrust of AICRA and its predecessors, however, has been to insulate a tortfeasor from a claim for expenses that are intended to be covered by the PIP provisions of the insurance policy held by an injured driver. Nothing in the language of AICRA suggests that the result in *McClelland* is in any way inconsistent with that statute, as was arguably the case with respect to the *Roig* decision and Section 12. Moreover, the courts have consistently and emphatically insisted that the overall purpose of the various automobile insurance laws has been to limit third-party claims in favor of a system that provides a tradeoff: lower premiums and faster payments of claims in exchange for the surrender of the right to sue a

---

[2] The Court cited Judge Hand's famous dictum: "There is no surer way to misread any document than to read it literally." *Guiseppi v. Walling,* 144 *F.*2d 608, 624 (2d Cir.1944).

tortfeasor. *Gambino v. Royal Globe Ins. Cos.,* 86 *N.J.* 100, 105–06, 429 *A.*2d 1039, 1041–42 (1981); *Mody v. Brooks,* 339 *N.J.Super.* 392, 397, 772 *A.*2d 21, 24–25 (2001); *Rojas v. DePaolo,* 357 *N.J.Super.* 115, 119, 813 *A.*2d 1288, 1290 (Law Div.2002). The result in *McClelland* furthers this goal; however, allowing workers' compensation carriers, through the statutory subrogation provisions of *N.J.S.A.* 34:15–40, to bring claims that could not be maintained by the injured driver would significantly undercut the entire rationale of the automobile insurance system.

It is more in keeping with the obvious purpose of each statutory scheme to have the workers' compensation insurer, rather than the automobile insurer, bear the responsibility for reimbursement of medical bills for an injured worker, unless and until the Legislature makes the explicit policy determination to shift this burden to the automobile insurer. In light of the overwhelming evidence that the Legislature's consistent purpose has been to reduce the exposure of the automobile insurance carriers to third party claims, it would be inappropriate for the judiciary to effect such a shift without an express mandate from the Legislature.

I have executed the order dismissing the complaint.