229 N.J. Super. 138 (1988)
550 A.2d 1278
THERESA MANOLE, PLAINTIFF-APPELLANT,
v.
THOMAS CARVELLAS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 1, 1988.
Decided December 6, 1988.
*139 Before Judges PRESSLER, SCALERA and STERN.
Patrick Randazzo argued the cause for appellant (Patrick Randazzo, attorney; Patrick Randazzo and Debra Ann Murphy, on the brief).
John D. Allen, III argued the cause for respondent (Harwood Lloyd, attorney; John D. Allen, on the brief).
The opinion of the court was delivered by PRESSLER, P.J.A.D.
*140 Plaintiff Theresa Manole, whose husband Leon Manole sues per quod, appeals, on leave granted, from a summary judgment dismissing her personal-injury automobile-liability action against defendant Thomas Carvellas. The issue raised by this appeal is whether, at the time of the accident, Carvellas was plaintiff's coemployee. The resolution of this issue is dependent on whether Carvellas had, at that time, already commenced work within the intendment of the so-called going and coming rule. Guided by the principles recently articulated by the Supreme Court in Livingstone v. Abraham & Straus, Inc., 111 N.J. 89 (1988), we conclude that Carvellas had not yet then commenced work and hence that there is no bar to this action based on the exclusivity of the workers' compensation remedy. Accordingly, we reverse.
There is no substantial dispute of relevant fact. According to the record on defendant's successful motion for summary judgment, both parties were employed by Abraham & Straus, Inc. (A & S) in its Paramus Park store on December 13, 1984. Plaintiff was a full-time employee whose shift ended at 6:00 p.m., and defendant was a part-time seasonal employee whose shift began at 6:00 p.m. The accident took place shortly after that hour.
Explication of the manner in which the accident occurred requires a geographical context. Paramus Park is a large shopping center in Paramus, New Jersey, anchored on the north end by A & S and on the south end by Sears. As we understand the record, the shopping center lies between Route 17, a north-south highway, on its west and the Garden State Parkway, also a north-south highway, on its east. The center does not abut Route 17; access from the west is afforded by two public streets running easterly from Route 17, A & S Drive and, to its south, Sears Drive. Each is a four-lane thoroughfare with two lanes for each direction. The easterly terminus of each of these streets is Ring Road, another four-lane thoroughfare, *141 which, more or less, encircles the shopping center, giving access to its numerous parking lots. Ring Road, we understand from the record, is not a public street.
Ordinarily, A & S employees were required to park in those northerly lots of the shopping center designated 12 to 14, which were also available to customers choosing to park there. We gather that from time to time A & S management wished to have all of lots 12 to 14 available for its customers and at predetermined times, directed its employees to park in a southerly, so-called Sears lot. These lots were a considerable distance from A & S, and A & S accordingly provided its employees with shuttle service between the store and the Sear's lot. At the time in question, such service was being provided by A & S's independent contractor, defendant Tenafly Taxi, by way of a van operated by Tenafly Taxi's employee, defendant William M. DiIorio. Plaintiff left the A & S store at her regular quitting time and, together with other employees, there boarded the van for transport to the Sears lot. The van's route was southerly on Ring Road, past its intersection with A & S Drive to Sears Drive. It would then make a right turn onto Sears Drive and then a left turn off Sears Drive into the designated parking lot. The distance was approximately a mile.
Defendant Carvellas came to work that day to start his 6:00 p.m. shift by his customary route: east off Route 17 onto A & S Drive to its T intersection with Ring Road. In order to park in the northerly lots, he would then have turned left onto Ring Road. On this day, because of the special instruction, it was his intention to turn right, travel south on Ring Road to Sears Drive, turn right on Sears Drive and then turn left into the Sears lot. He got as far as the A & S Drive intersection with Ring Road. As he was making his right turn onto Ring Road, his car collided with the van in which plaintiff was a passenger. She was injured and sued all three defendants: Carvellas, Tenafly Taxi, and DiIorio.
*142 During the pendency of this action in the Law Division, this court filed its opinion in Livingstone v. Abraham & Straus, 216 N.J. Super. 685 (App.Div. 1987), holding that for purposes of the going and coming rule as codified by N.J.S.A. 34:15-36, the employee there, an A & S employee in a Monmouth County shopping mall, had reached her employer's premises after she had parked her car in the portion of the mall parking area in which employees were instructed to park. Consequently, the injuries she sustained when she was struck by a coemployee's car while walking from the lot to the store were held compensable under the workers' compensation law. The Law Division granted Carvellas' motion for summary judgment having concluded that the facts here were virtually indistinguishable from those in Livingstone. We granted plaintiff's motion for leave to appeal, and while the appeal was pending, the Supreme Court affirmed our decision in Livingstone by a 4-3 vote, 111 N.J. 89 (1988).
We are persuaded by our review of the record and the arguments of counsel that the Livingstone construction of the going and coming rule excludes Carvellas from the ambit of work-relatedness. In brief, the Supreme Court in Livingstone concluded that the 1979 amendment of N.J.S.A. 34:15-36, which imposed a more stringent definition of employment than had evolved from judicial construction of the going and coming rule, was not intended to overrule the body of case law which fixed the commencement of the day's employment at the time of arrival in the parking lot made available to employees by the employer. Thus, the Court held in Livingstone that employer ownership of the lot or even exclusive control thereover was not essential to a finding of compensability in the circumstances there  the principle of the parking-lot cases continued to apply even if the employer had merely designated a section of the common area for its employees.
Here there is no question that at the time of the accident plaintiff had not yet left her employer's premises and *143 control. Clearly, if her work day began when she entered the designated lot, it did not end until she left it. But just as obviously, it is not her status as an A & S employee which is critical but rather that of Carvellas. If he was not yet within the scope of his employment when the vehicles collided, the fact that he was also an employee of A & S would be a mere coincidence without legal significance, and plaintiff would be as free to sue him in a third-party action as anyone else. We are satisfied that this is so. When the collision occurred, Carvellas was at least half a mile away from the designated lot. He was in the process of leaving a public street and entering a service road, which itself was not within A & S's "control" as defined by Livingstone, 111 N.J. at 104. Before arriving at the designated lot, he was required to traverse yet another public street. Thus, in our view and in Livingstone terms, he had not yet arrived at his employer's premises. He was en route and would have arrived only upon entering the designated lot.
As emphasized by Livingstone, application of the going and coming rule is highly fact-sensitive. A case-by-case analysis is required in order to ensure that the remedial purpose of workers' compensation legislation will be fulfilled while at the same time that the mandate of N.J.S.A. 34:15-36, designed to limit "judicially-created exceptions to the general noncompensability of off-premises accidents," is complied with. 111 N.J. at 103. The result of the factual analysis here falls short of the Livingstone prescription. At the point at which the accident occurred, Carvellas was not yet within the course of his employment. He was still on the way to work at a physical location beyond his employer's control in any relevant sense.
The summary judgment is reversed, and the matter is remanded for trial. Because of the lengthy delay in the trial proceedings resulting from our grant of leave to appeal and the ensuing stay of appellate proceedings to await the Supreme Court's opinion in Livingstone, we direct that this action proceed to trial as expeditiously as is consistent with fairness to the litigants.