NEW JERSEY MANUFACTURERS INS. CO. IN EO NOMINE FOR JOHN R. SMITH, PETITIONER–APPELLANT, v. PUBLIC SERVICE ELECTRIC & GAS CO., RESPONDENT–RESPONDENT.

JOHN R. SMITH, PETITIONER–RESPONDENT, v. PUBLIC SERVICE ELECTRIC & GAS CO., RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 7, 1989—Decided June 28, 1989.

Before Judges KING and SKILLMAN.

*Stephen T. Fannon* argued the cause for appellant (*Capehart & Scatchard*, attorneys; *Bruce A. Wallace*, III and *Stephen T. Fannon*, on the brief).

*Sheldon Schiffman* argued the cause for respondent, Public Service Electric & Gas Co. (*Michals, Wahl, Silver & Leitner*, attorneys; *Sheldon Schiffman*, on the brief).

*Maria Marinari Sypek* argued the cause for respondent, *John R. Smith* (*Stockman, O'Donnell & Sypek*, attorneys; *Gerald R. Stockman*, of counsel and *Maria Marinari Sypek*, on the brief).

The opinion of the court was delivered by

SKILLMAN, J.A.D.

This is a workers' compensation scope of employment case. John R. Smith (Smith) was employed by respondent Public Service Electric and Gas Company (PSE & G) at the Salem Nuclear Generating Station in Lower Alloways Creek Township. Access to the nuclear generating facility is provided by a five and a half mile access road. Although PSE & G owns the road, it is maintained by the Bechtel Corporation (Bechtel) and patrolled by the Lower Alloways Creek Police Department. The access road intersects with a township road and may be used by the general public. PSE & G controls a gate at a bridge along the road which may be closed in the event of an emergency. While driving to work on the access road approximately two miles from the nuclear facility and just before the bridge gate, Smith was injured in an automobile accident.

As a result of the accident, Smith obtained personal injury protection benefits from his automobile insurance carrier, peti-

tioner New Jersey Manufacturers Insurance Company (NJM).[1] NJM filed a compensation claim petition against PSE & G as Smith's subrogee. Subsequently, at the direction of the judge of compensation Smith also filed a claim petition, although he takes the position that the automobile accident did not occur in the course of his employment.

The parties submitted the scope of employment issue to the judge of compensation on stipulated facts. In an oral opinion, the judge of compensation concluded that the automobile accident did not occur in the course of Smith's employment and dismissed both claim petitions. We affirm.

Workers' compensation benefits must be paid for personal injuries caused by an "accident arising out of and in the course of employment." *N.J.S.A.* 34:15–7. A 1979 amendment to the Workers' Compensation Act provides that "[e]mployment shall be deemed to commence when an employee arrives at the employer's place of employment to report for work and shall terminate when the employee leaves the employer's place of employment, excluding areas not under the control of the employer...." *N.J.S.A.* 34:15–36. The purpose of this amendment was to "[establish] relief from the far-reaching effect of the 'Going and Coming Rule' decisions by defining and limiting the scope of employment." Joint Statement of the Senate and Assembly Labor, Industry and Professions Committees (Substitute for S802 & A840) at 2 (1979) (hereinafter *Joint Statement*).

The Supreme Court construed the 1979 amendment to *N.J. S.A.* 34:15–36 in *Livingstone v. Abraham & Straus, Inc.,* 111 *N.J.* 89 (1988), which involved an employee injured in a parking lot of the shopping mall where she worked. The Court indicated that even though the employer did not own, maintain or have the exclusive right to use the parking lot, its power to designate an otherwise under-used area of the parking lot for

---

[1]Smith also has filed a claim with NJM for underinsured motorist benefits.

use by its employees made that portion of the lot the effective equivalent of an employer-owned lot. *Id.* at 104–105. Expressing "general agreement with the need for a flexible approach" in construing the new legislation, the Court concluded that the employee's "workday commenced when she arrived in her car at the section of the mall adjacent to [her employer's] premises, and therefore [she] was in the course of employment when the accident occurred." *Id.* at 104. The Court also stated that "by requiring its employees to park in a distant section of the lot, in order that customers could enjoy the convenience of parking adjacent to [its store, the employer] caused its employees to be exposed to an added hazard, on a daily basis, in order to enhance its business interests. In our view, it is entirely consistent with the fundamental purposes of workers' compensation legislation that [the employer] assume responsibility for injuries thus sustained." *Id.* at 105–106.

We perceive significant differences between "parking lot cases" such as *Livingstone* and this case. Smith's automobile accident occurred approximately two miles away from the Salem Nuclear Generating Station where he worked. Consequently, it would strain the language of the statute to find that he had "arrive[d] at the employer's place of employment to report for work" when the accident occurred, rather than still being in transit. Moreover, there is no indication that Smith was exposed to any added hazard, created to enhance the business interests of PSE & G, while traveling on the access road. The risk from driving on this roadway was no different than the risk from driving on any public roadway. And although PSE & G owned the roadway, there is no indication that it exercised any control over its use. Therefore, the place where the accident occurred was not, within the intent of *N.J.S.A.* 34:15–36, "under the control of the employer."

There are significant similarities between this case and *Manole v. Carvellas,* 229 *N.J.Super.* 138 (App.Div.1988). Manole and Carvellas were employed by the same employer in a shopping mall. A van transporting Manole and other employees to

a lot designated for employee parking collided with the automobile Carvellas was driving to work. The accident occurred at the intersection of a private road encircling the shopping mall and a public road adjoining the mall. Concluding that Carvellas had not yet arrived at work when the accident occurred, we rejected Carvellas' defense that he and Manole were coemployees and that he was therefore immune from suit under *N.J.S.A.* 34:15–8. We noted that "the Supreme Court in *Livingstone* concluded that the 1979 amendment of *N.J.S.A.* 34:15–36 ... was not intended to overrule the body of case law which fixed the commencement of the day's employment at the time of arrival in the parking lot made available to employees by the employer." *Id.* at 142. Therefore, we concluded that "[a]t the point at which the accident occurred, Carvellas was not yet within the course of his employment. He was still on the way to work at a physical location beyond his employer's control in any relevant sense." *Id.* at 143.

We reach the same conclusion in this case. When the accident occurred, Smith was still driving his automobile to work at a location two miles away from his final destination. Moreover, while the roadway was owned by his employer, it was maintained by another corporation and patrolled by the local police department. Therefore, Smith was "beyond his employer's control in any relevant sense."

We recognize that there are decisions in other jurisdictions which have found an accident to be compensable solely because it occurred on property owned by the employer, even though the location was remote from the employee's place of employment. *See, e.g., Davis v. Chemical Construction Co.*, 232 *Ark.* 50, 334 *S.W.*2d 697, 698 (1960); *see generally* 1 *Larson, Workmen's Compensation Law,* § 15.45 (1985). However, we believe that decisions such as *E.I. DuPont DeNemours Co., Inc. v. Hall,* 237 *F.*2d 145 (4th Cir.1956), and *Strickland v. King,* 293 *N.C.* 731, 239 *S.E.*2d 243 (1977), which hold that an employee is not within the course of his employment while traveling to and from work on a roadway owned by the employer at a

location remote from the place of employment, are more compatible with the intent of our Legislature in amending *N.J.S.A.* 34:15–36 to "[establish] relief from the far-reaching effect of the 'Going and Coming Rule' decisions by defining and limiting the scope of employment." *Joint Statement, supra,* at 2.

Finally, we reject NJM's argument that Smith's accident was within the scope of his employment because it occurred on the only route available to Smith to get to his place of employment. This exception to the "going and coming" rule is limited to situations where an employee's route to work poses "special hazards." *See Cressey v. Campus Chefs, Div. of CVI Service, Inc.,* 204 *N.J.Super.* 337, 344–345 (App.Div.1986); 1 *Larson, supra,* § 15.13 to § 15.13(g). Smith was not required to confront any "special hazard" by driving to PSE & G's nuclear facility on the access road.

Affirmed.