NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.   A-1073-14T3
             A-3040-14T1
             A-3107-14T1

JENNIFER LAMBERT and
GARY LAMBERT,

     Plaintiffs-Respondents,

v.

TRAVELERS INDEMNITY COMPANY OF
AMERICA,

     Defendant-Appellant.

_____

PAUL REED,

     Plaintiff-Respondent,

v.

QUAL-LYNX and TOWNSHIP OF
MARLBORO,

     Defendants,

and

MONMOUTH MUNICIPAL JOINT
INSURANCE FUND,[1]

     Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

August 24, 2016

APPELLATE DIVISION

---

[1] This party was incorrectly designated as "Monmouth County Joint Insurance Fund" in both the Reed and Agar complaints.

WILLIAM AGAR,

    Plaintiff-Respondent,

v.

QUAL-LYNX and TOWNSHIP OF
HAZLET,

    Defendants,

and

MONMOUTH MUNICIPAL JOINT
INSURANCE FUND,

    Defendant-Appellant.

_____

Argued June 2, 2016 - Decided August 24, 2016

Before Judges Koblitz, Kennedy and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket Nos. L-2702-14, L-4610-14, and L-4911-14.

Jeffrey W. Mazzola argued the cause for appellant Travelers Indemnity Company of America (Law Offices of William E. Staehle, attorneys; Mr. Mazzola, on the brief).

Danielle Pantaleo argued the cause for appellant Monmouth Municipal Joint Insurance Fund (Cleary Giacobbe Alfieri Jacobs, LLC, attorneys; Ms. Pantaleo, on the brief).

Richard N. Schibell argued the cause for respondents Jennifer Lambert and Gary Lambert (Schibell Mennie & Kentos, LLC, attorneys; John G. Mennie, on the brief).

Michael J. Hanus argued the cause for respondents Paul Reed and William Agar (Mr.

Hanus, attorney; Richard T. Smith, on the brief).

Daniel A. Levy argued the cause for amicus curiae New Jersey Association for Justice-New Jersey (Raff & Raff, LLP, attorneys; Mr. Levy, on the brief).

Gibson Kolb, attorneys for amicus curiae The National Association of Subrogation Professionals (Rachael E. Banks, of counsel and on the brief).

The opinion of the court was delivered by

GILSON, J.A.D.

These appeals[2] present the same legal questions: Is a worker, who is injured in a work-related motor vehicle accident, permitted to recover medical expenses from a tortfeasor if those medical expenses are paid by the workers' compensation insurer as distinguished from personal injury protection (PIP) benefits paid by the worker's automobile liability insurer? If so, is the workers' compensation insurer entitled to recover the medical expenses from the proceeds of any recovery the worker obtains from the third-party tortfeasor?

The motion judge ruled that the workers' compensation insurers were not entitled to recover the medical expenses because the injured workers were not entitled to recover such

_____

[2] We write one opinion to dispose of both the consolidated appeal, A-3040-14 and A-3107-14, and the separate appeal, A-1073-14.

expenses from the tortfeasors under N.J.S.A. 39:6A-12, which bars evidence in an action against the tortfeasor of amounts "collectible or paid" under PIP coverage. Thus, the motion judge reasoned that the injured workers were limited by the no-fault system established by the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1.1 to -35, that the workers' compensation insurer effectively stepped into the shoes of the automobile insurer, and that the normal recovery provisions of the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -142, did not apply.

We reject that interpretation of the interplay between AICRA and the WCA, and hold that when a worker is injured in the course of his or her employment in a motor vehicle accident and workers' compensation coverage is available, the right of the injured worker to pursue claims against the third-party tortfeasor and the right of the workers' compensation insurer to be reimbursed are governed by the WCA and not AICRA. Accordingly, the injured worker may recover medical expenses from the third-party tortfeasor and N.J.S.A. 39:6A-12 does not apply. The workers' compensation insurer, in turn, has a right to be reimbursed for the appropriate portion of the medical expenses it has already paid under N.J.S.A. 34:15-40 (Section 40).

4

The three cases that give rise to these appeals all present similar material facts. First, each plaintiff was injured in a motor vehicle accident while working. Second, the applicable automobile insurance provided PIP coverage. Third, the medical expenses of each plaintiff were paid by his or her employer's workers' compensation insurer. Plaintiffs were also paid compensation benefits (also referred to as indemnity benefits) for such things as lost wages. Fourth, plaintiffs all sued the tortfeasors, and each of those suits was settled. In each case, plaintiff's recovery from the tortfeasor exceeded the payments he or she had received from the workers' compensation insurer. The settlements, however, apparently did not disclose whether the settlement payment included a payment for medical expenses. Fifth, each plaintiff offered to reimburse the workers' compensation insurer for the appropriate portion of the compensation benefits, but refused to reimburse the workers' compensation insurer for the medical expenses arguing he or she had not recovered medical expenses from the tortfeasor.

To put these similar material facts in context, we summarize the circumstances of the three plaintiffs involved in these appeals.

Plaintiff Jennifer Lambert worked for the Howell Township Board of Education as a school bus aid. On August 6, 2010, Lambert was injured when an automobile driven by Kaitlin Antonaccio collided with the rear of the school bus in which Lambert was working. The Travelers Indemnity Company of America (Travelers) provided workers' compensation insurance to Lambert's employer. As a result of her injuries, Lambert filed a workers' compensation claim, and Travelers paid Lambert $94,705.22 for medical expenses and $54,695.87 for compensation benefits.

Thereafter, Lambert sued Antonaccio. Ultimately that lawsuit settled, with Antonaccio paying Lambert $300,000. Following the settlement, Lambert's counsel offered to pay Travelers $35,713.91, which represented two-thirds of the compensation benefits of $54,695.87, minus statutory costs of $750. Counsel for Lambert, however, refused to pay any reimbursement for medical expenses. Travelers rejected that offer, and Lambert filed a complaint and an order to show cause seeking to extinguish Travelers' lien for medical expenses.

Plaintiff Paul Reed worked for the Township of Marlboro as a police officer. On August 19, 2011, Reed, while in the course of his employment, was redirecting traffic when he was struck by a car driven by Vladen Futernik. Marlboro has workers'

6

compensation insurance through Monmouth Municipal Joint Insurance Fund (MMJIF), which is a joint insurance fund for municipalities of Monmouth County organized under N.J.S.A. 40A:10-36. Defendant Qual-Lynx is MMJIF's third-party administrator for certain claims. Accordingly, Reed filed a workers' compensation claim, and MMJIF paid him $60,430.48 for medical expenses and $44,578.29 in compensation benefits.

Reed also filed a negligence action against Futernik, which later settled for $100,000. Reed also brought an underinsured motorist (UIM) claim against New Jersey Manufacturers Insurance Company, and that suit settled for $199,000. Thus, Reed's total recoveries against the third-party tortfeasor were $299,000.[3]

Counsel for Reed offered to reimburse MMJIF for its proportional share of the compensation benefits, but refused to reimburse any of the medical expenses. When MMJIF refused that offer, Reed filed a complaint and an order to show cause seeking to extinguish the medical portion of MMJIF's workers' compensation lien.

Plaintiff William Agar worked as a police officer for the Township of Hazlet. On June 26, 2011, Agar was sitting in his

---

[3] A recovery from an insurer that provides UIM coverage is "the functional equivalent of a recovery from the actual third-party tortfeasor." Frazier v. N.J. Mfrs. Ins. Co., 142 N.J. 590, 598 (1995).

patrol car overseeing road construction when his vehicle was rear-ended by a car driven by Ethel McCaffrey. MMJIF provides insurance for Hazlet, including workers' compensation insurance. Agar filed a claim for workers' compensation and was paid $4331.02 for medical expenses and $15,693 in compensation benefits.

Agar also filed a suit against McCaffrey and settled that action for a payment of $60,000. MMJIF asserted a lien against Agar's settlement and sought reimbursement for both the amounts it paid for compensation benefits and medical expenses. Counsel for Agar offered to reimburse MMJIF for the compensation benefits, but refused to make any reimbursement for medical expenses. When the parties could not reach an accord, Agar filed a complaint and an order to show cause seeking to extinguish the portion of the lien that sought to recover the medical expenses.

The orders to show cause filed by the three plaintiffs were all heard by the same motion judge. In all three matters, the judge entered orders granting plaintiffs' applications to extinguish the portion of the workers' compensation lien seeking reimbursement of the medical expenses, relying on an unpublished

case.[4]    The judge reasoned that when a worker is injured in a motor vehicle accident during the course of employment, the worker is treated as a no-fault insured and, therefore, under N.J.S.A. 39:6A-12, any recovery from the tortfeasor cannot include medical expenses that had been paid by an insurer.  The judge also reasoned that since the injured worker had no right to recover paid medical expenses from the tortfeasor, the workers' compensation insurer could not seek reimbursement of those medical expenses under Section 40 of the WCA.

The workers' compensation insurers (Travelers and MMJIF) appeal the orders that extinguished the medical expense portion of their liens under Section 40 of the WCA.  Amicus curiae National Association of Subrogation Professionals filed a brief in support of the position of the workers' compensation insurers.  Amicus Curiae New Jersey Association for Justice-New Jersey filed a brief in support of plaintiffs' position.  We granted MMJIF's motion to consolidate the appeals filed in the Reed and Agar cases.  We denied a motion to consolidate the Lambert appeal because that appeal had already been fully briefed when the motion was filed.    We now issue this

---

[4] As the judge acknowledged, Rule 1:36-3 provides that, except for reasons which do not apply here, "no unpublished opinion shall be cited by any court."

consolidated opinion to address the legal issues raised in all three appeals.

## II.

The issues raised by these appeals concern the interpretation of the interplay between AICRA and the WCA. Therefore, we review these issues of law de novo. <u>Farmers Mut. Fire Ins. Co. of Salem v. N.J. Prop.-Liab. Ins. Guar. Ass'n</u>, 215 <u>N.J.</u> 522, 535-36 (2013).

We hold that because workers' compensation benefits are the primary source of recovery for injuries suffered by employees in a work-related automobile accident, and PIP insurers are relieved from the obligation to pay medical expenses under <u>N.J.S.A</u> 39:6A-6, any recovery obtained by employees from third-party tortfeasors, whether through settlement, trial or otherwise, is subject to Section 40 liens under the WCA. We further hold that in any action by such employees against third-party tortfeasors, the evidential bar of <u>N.J.S.A.</u> 39:6A-12 does not apply.

The statutes and case law support this holding. We therefore examine AICRA, the WCA, and the interplay between those two statutes. We also review the existing case law.

A. AICRA

Since 1972, New Jersey has made "legislative efforts to control the rising cost of automobile insurance by placing restrictions on an accident victim's right to sue for noneconomic damages." DiProspero v. Penn, 183 N.J. 477, 485 (2005). In 1998, the Legislature enacted AICRA "with a multi-pronged approach aimed at achieving the goals of containing [automobile insurance] costs." Id. at 488. The goal of AICRA was to reduce the cost of automobile insurance by reducing the number of litigated claims. See James v. Torres, 354 N.J. Super. 586, 594 (App. Div. 2002), certif. denied, 175 N.J. 547 (2003). AICRA expanded New Jersey's no-fault automobile insurance system by, among other things, requiring every automobile insurance policy to provide PIP benefits, "which guarantee 'without regard to fault,' medical expense coverage for the named insured" who suffers bodily injury in an automobile accident. Perrelli v. Pastorelle, 206 N.J. 193, 201 (2011) (quoting Caviglia v. Royal Tours of Am., 178 N.J. 460, 466 (2004)). AICRA accordingly prohibits an injured person from seeking to recover from a tortfeasor medical expenses already paid under PIP coverage from the injured person's own automobile insurer. N.J.S.A. 39:6A-12; see Bardis v. First Trenton Ins. Co., 199 N.J. 265, 279 (2009) (stating that the "injured person

who was the beneficiary of the PIP payments could not and should not recover from the tortfeasor the medical, hospital and other losses for which he [or she] had already been reimbursed" (quoting Cirelli v. Ohio Cas. Ins. Co., 72 N.J. 380, 387 (1977))). Thus, N.J.S.A. 39:6A-12, which pre-dated AICRA, continues to preclude the introduction of "evidence of the amounts collectible or paid" by an automobile insurer under PIP coverage. In other words, N.J.S.A. 39:6A-12 precludes a plaintiff from recovering medical expenses already paid by a PIP insurer.

B. The WCA

The WCA provides a "system of compensation for workers" injured in the course of their employment. Estate of Kotsovska ex rel. Kotsovska v. Liebman, 221 N.J. 568, 583-84 (2015) (quoting Fitzgerald v. Tom Coddington Stables, 186 N.J. 21, 31 (2006)). The WCA represents a "historic 'trade-off' whereby employees relinquish their right to pursue common-law remedies [against their employers] in exchange for prompt and automatic entitlement to benefits for work-related injuries." Laidlow v. Hariton Mach. Co., 170 N.J. 602, 605 (quoting Millison v. E.I. du Pont de Nemours & Co., 101 N.J. 161, 174 (1985)); see Tlumac v. High Bridge Stone, 187 N.J. 567, 573 (2006) (explaining that the WCA's "remedial purpose" is "to make benefits readily and

broadly available to injured workers through a non-complicated process").  While the WCA limits injured workers from suing their employers, it does not preclude suits against third-persons responsible for their injuries.  See N.J.S.A. 34:15-40; Danesi v. Am. Mfrs. Mut. Ins. Co., 189 N.J. Super. 160, 162-66 (App. Div.), certif. denied, 94 N.J. 544 (1983).

N.J.S.A. 34:15-40 was enacted as a means of "regulating and marshaling the rights and responsibilities of the several parties concerned in compensation payments where" a worker's injuries are caused by a third-party.  U.S. Cas. Co. v. Hercules Powder Co., 4 N.J. 157, 165 (1950).  To overcome the inequity of a double recovery, the WCA provides that a workers' compensation insurer is entitled to repayment of "medical expenses incurred and compensation payments theretofore paid to the injured employee . . . less [the] employee's expenses of suit and attorney's fee."  N.J.S.A. 34:15-40(b); see also Frazier, supra, 142 N.J. at 597.  N.J.S.A. 34:15-40(b) "imposes a lien in favor of the workers compensation carrier against the proceeds of a third-party recovery obtained by an injured worker."  Raso v. Ross Steel Erectors, Inc., 319 N.J. Super. 373, 381 (App. Div.), certif. denied, 161 N.J. 148 (1999).  "The compensation lien is statutorily created and generally attaches to 'any sum' recovered by the injured worker from a third-party, without

regard to such equitable considerations as whether the worker has been fully compensated." Primus v. Alfred Sanzari Enters., 372 N.J. Super. 392, 400 (App. Div. 2004), certif. denied, 182 N.J. 430 (2005).

C. The Interplay between AICRA and the WCA

When a worker suffers a work-related injury in a motor vehicle accident, workers' compensation coverage is the primary source of insurance under the collateral source rule. See N.J.S.A. 39:6A-6. N.J.S.A. 39:6A-6 provides that "medical expense benefits . . . shall be payable as loss accrues, upon written notice of such loss and without regard to collateral sources, except that benefits, collectible under workers' compensation insurance . . . shall be deducted from the benefits collectible under [PIP]." N.J.S.A. 39:6A-6 "relieves the PIP carrier from the obligation of making payments for expenses incurred by the insured[, including medical expenses] which are covered by workers' compensation benefits." Lefkin v. Venturini, 229 N.J. Super. 1, 7 (App. Div. 1988).

The issues on these appeals turn on the interpretation of the interplay between AICRA and WCA. The question is: Did the Legislature intend N.J.S.A. 39:6A-6 to treat workers' compensation insurance like PIP automobile insurance or, did the Legislature intend that a worker injured in an automobile

accident be covered under the workers' compensation system without regard to the no-fault provisions of AICRA? Given the language used in AICRA we conclude that AICRA did not displace the workers' compensation system.

The collateral source rule does not make workers' compensation insurance part of the PIP no-fault system; rather it shifts the burden of providing insurance from the automobile insurance system to the workers' compensation system. Thus, the collateral source rule states that "benefits[] collectible under workers' compensation insurance . . . shall be deducted from the benefits collectible under [N.J.S.A. 39:6A-4 and 39:6A-10], the medical expense benefits provided in [N.J.S.A. 39:6A-3.1] and the benefits provided in [N.J.S.A. 39:6A-3.3]." N.J.S.A. 39:6A-6. Nothing in that language suggests that the Legislature intended to treat a worker injured in an automobile accident in a different manner than a worker injured in a non-automobile work-related accident. Just as important, nothing in that statutory language suggests that the Legislature intended to treat a workers' compensation insurer as if it were an automobile insurer.

Indeed, the statutory words "deducted from" are most clearly understood as shifting the insurance coverage from automobile insurance to workers' compensation insurance.

Moreover, such statutory language reflects "a legislative policy determination that losses resulting from work-related automobile accidents should be borne by the 'ultimate consumers of the goods and services in whose production they are incurred.'" Portnoff v. N.J. Mfrs. Ins. Co., 392 N.J. Super. 377, 383 (App. Div.) (quoting Lefkin, supra, 229 N.J. Super. at 12), certif. denied, 192 N.J. 477 (2007).

In addition, nothing in the legislative history of AICRA suggests the Legislature meant to treat workers, who are injured in a work-related automobile accident, as if they were limited by AICRA's no-fault system. Nor is there any suggestion that the Legislature intended to treat workers' compensation insurers as if they were PIP insurers. Indeed, there is simply no discussion of such an incorporation. It is fair to assume that had the Legislature intended to effectuate such a major change, it would have used express language in the statute and discussed that incorporation in AICRA's legislative history.

D. The Case Law

Our holding is also consistent with existing case law. Two opinions have addressed these issues. See Lefkin, supra, 229 N.J. Super. at 7; Talmadge v. Burn, ___ N.J. Super. ___, ___ (App. Div. 2016) (slip op. at 1).

In Lefkin, this court found no bar against a worker, injured in an automobile accident, from recovering from a third-party tortfeasor medical expenses collected in workers' compensation. Lefkin, supra, 229 N.J. Super. at 9. We explained that "PIP benefits are not available to an insured if workers' compensation benefits are also available to him [or her]." Ibid. We also noted that the recovery of the medical expenses from the third-party tortfeasor would be subject to reimbursement to the workers' compensation insurer under the "compensation lien." Ibid.

Lefkin involved a claim by a worker injured in a work-related automobile accident. Id. at 5-6. The worker's medical expenses were paid by the workers' compensation insurer and, thus, the PIP automobile insurer did not pay those medical expenses. Id. at 6. The worker sued his PIP automobile insurer, Aetna Insurance Company, and the tortfeasors who caused the automobile accident. Id. at 5. The claims against the tortfeasors were settled and the worker sought to have Aetna pay the portion of his workers' compensation lien related to medical expenses. Id. at 6-7. In that regard, the worker argued that, because such a recovery was barred by N.J.S.A. 39:6A-12, his settlement with the tortfeasors could not have included his

medical expenses. This court rejected that argument. Lefkin, supra, 229 N.J. Super. at 9.

We explained that there are "three potential sources of reimbursement of [the worker's] medical expenses . . . . : workers' compensation benefits, PIP benefits, and recovery from the tortfeasor." Id. at 7. When all three potential payment sources "conjoin," the worker can recover his medical expenses from the tortfeasor. The workers' compensation insurer, in turn, is entitled to reimbursement for the medical expenses previously paid, less attorney's fees and costs of suit. Id. at 9.

While Lefkin, which was issued in 1988, pre-dated AICRA, which was enacted in 1998, see L. 1998, c. 21, nothing in AICRA changed the statutory provisions on which Lefkin relied. Importantly, both N.J.S.A. 39:6A-12 and N.J.S.A. 39:6A-6 pre-dated AICRA and neither of those provisions were substantively changed by AICRA so as to require a result different from the conclusion reached in Lefkin.

In Talmadge, this court recently reached a conclusion consistent with Lefkin. Talmadge, supra, slip op. at 6. We held that a workers' compensation insurer was entitled to be reimbursed for medical expenses when a worker, injured in an automobile accident, made a subsequent recovery from the third-

party tortfeasor. Ibid. The plaintiff in Talmadge was injured while driving her personal car on work-related business. Id. at 2. Her employer's workers' compensation insurer, The Hartford, paid over $127,000 in medical expenses and compensation benefits. Ibid. The plaintiff then sued the driver of the car that caused the accident and that case settled with the plaintiff receiving $250,000. Ibid.

The Hartford asserted a workers' compensation lien of $84,510.78 against that third-party recovery. Ibid. The plaintiff moved to reduce the workers' compensation lien to exclude the medical expenses. Ibid. The Law Division denied that motion, and we affirmed. In affirming, we explained that "[t]he [Workers' Compensation Act] clearly permits an employee who received workers' compensation benefits to seek recovery against the third-party for those benefits, including paid medical expenses. The statute also expressly entitles the workers' compensation carrier to repayment of all benefits paid to the employee." Id. at 6-7 (citing Greene v. AIG Cas. Co., 433 N.J. Super. 59, 68 (App. Div. 2013)).

The motion judge here relied on the "rationale" of an unpublished opinion and ruled that workers' compensation insurers were not entitled to recover medical expenses they paid because injured workers were not entitled to recover such

expenses from the tortfeasor under AICRA. We reject such an interpretation of AICRA. For the reasons we have already explained, we hold that when a worker is injured in the course of his or her employment in a motor vehicle accident and workers' compensation benefits have been paid or are payable on behalf of the worker, the right of the injured worker to pursue claims against the tortfeasor and the right of the workers' compensation insurer to be reimbursed are governed by the WCA and not AICRA.

Accordingly, the orders extinguishing the portion of the workers' compensation liens related to medical expenses are reversed in all three cases on appeal. All three matters are remanded for entry of appropriate orders enforcing the workers' compensation liens.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION