NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0761-17T3

NEW JERSEY TRANSIT
CORPORATION, a/s/o DAVID
MERCOGLIANO,

      Plaintiff-Appellant,

v.

SANDRA SANCHEZ and CHAD
SMITH,

      Defendants-Respondents.

_____

> **APPROVED FOR PUBLICATION**
>
> **December 4, 2018**
>
> **APPELLATE DIVISION**

Argued October 30, 2018 – Decided  December 4, 2018

Before Judges Hoffman, Geiger and Firko.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8504-16.

Shawn C. Huber argued the cause for appellant (Brown & Connery, LLP, attorneys; Shawn C. Huber, of counsel and on the briefs; Benjamin S. Teris, on the brief).

John V. Mallon argued the cause for respondents (Chasan Lamparello Mallon & Cappuzzo, PC, attorneys; John V. Mallon, of counsel and on the brief; Ryan J. Gaffney, on the brief).

The opinion of the court was delivered by

GEIGER, J.A.D.

In this appeal, we consider whether a workers' compensation carrier can obtain reimbursement of medical expenses and wage loss benefits it paid from tortfeasors who negligently caused injuries to an employee in a work-related motor vehicle accident, if the employee would be barred from recovering non-economic damages from the tortfeasors because he did not suffer a permanent injury. Because we hold the workers' compensation carrier can obtain reimbursement from the tortfeasors in this subrogation action, we reverse.

Plaintiff New Jersey Transit Corporation (NJ Transit) appeals from the grant of summary judgment dismissing its subrogation action against defendants Sandra Sanchez and Chad Smith for reimbursement of the workers' compensation benefits paid to employee, David Mercogliano, for wage loss and medical expenses resulting from a work-related automobile accident. NJ Transit alleges defendants negligently caused the accident and are thereby liable for reimbursement of the workers' compensation benefits pursuant to N.J.S.A. 34:15-40(f) (Section 40) of the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -146. Defendants claim NJ Transit's claims are barred by the limitation on lawsuit option (the verbal threshold), N.J.S.A. 39:6A-8(a), of the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1 to -35.

The motion judge, relying primarily on Continental Insurance Co. v. McClelland, 288 N.J. Super. 185 (App. Div. 1996), held the verbal threshold barred NJ Transit's claims.[1] We hold that in subrogation actions against tortfeasors, the reimbursement rights of workers' compensation carriers are governed by the WCA, not AICRA. Therefore, the workers' compensation carrier is entitled to reimbursement from the negligent tortfeasors, even though the injured employee could not recover the medical expenses and wage loss from his own automobile insurer or noneconomic damages from the tortfeasors. Accordingly, we reverse and remand for entry of partial summary judgment in favor of NJ Transit.

I.

The facts relating to the cross-motions are not in dispute. On December 2, 2014, Mercogliano was involved in a motor vehicle collision during the course of his employment. The vehicle driven by Mercogliano was owned by NJ Transit. Sanchez was the driver and Smith was the owner of the other vehicle involved in the accident.

At the time of the collision, Mercogliano, Sanchez, and Smith maintained personal automobile insurance policies compliant with AICRA.

---

[1] Continental was decided under the Automobile Reparation Reform Act (the No Fault Act), the precursor to AICRA.

Mercogliano's policy provided $250,000 in Personal Injury Protection (PIP) benefits and the verbal threshold applied. The parties stipulate Mercogliano's injuries do not vault the verbal threshold because he did not sustain a permanent injury as defined by N.J.S.A. 39:6A-8(a).[2]

As a direct result of Mercogliano's injuries and lost wages, NJ Transit's workers' compensation carrier paid him $33,625.70 in workers' compensation benefits, comprised of $6694.04 in medical benefits, $3982.40 in temporary indemnity benefits, and $22,949.26 in permanent indemnity benefits. Mercogliano did not sue defendants directly. Instead, NJ Transit has initiated this subrogation action pursuant to Section 40, which gives workers' compensation carriers the right to institute proceedings against third-party tortfeasors for recovery of damages paid to injured employees.

NJ Transit and defendants filed cross-motions for summary judgment on stipulated facts. The motion judge, relying primarily on Continental and language in Lefkin v. Venturini, 229 N.J. Super. 1 (App. Div. 1988), held AICRA trumped the WCA, ruling that N.J.S.A. 39:6A-8(a) barred NJ Transit's claims because NJ Transit, as subrogee, stands in the shoes of the injured

---

[2] "An injury shall be considered permanent when the body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." N.J.S.A. 39:6A-8(a). Permanency must be proven "within a reasonable degree of medical probability" by "objective clinical evidence, which may include medical testing." Ibid.

employee, and has no rights superior to the injured employee under AICRA. Mercogliano was fully compensated by the workers' compensation carrier for his medical expenses and wage loss; he suffered no uncompensated economic loss. The motion judge held NJ Transit's claim must be dismissed because AICRA bars claims for compensated economic damages. In reaching that conclusion, the judge quoted the following language from Lefkin:

> N.J.S.A. 39:6A-6 places the primary obligation for the payment of benefits covered both by workers compensation and PIP on the employer rather than the PIP carrier. This policy decision may be presumed to have been based on the legislative perception that in terms of societal distribution of the burden of loss resulting from automobile-accident injury, the primary cost of work-related injuries should continue to be borne by the ultimate consumers of the goods and services in whose production they are incurred. Thus, the automobile-owning public, whose insurance rates are proportionally related to the PIP claims experience of the insurance industry, is relieved of that portion of the overall burden.
>
> [229 N.J. Super. at 12.]

The judge then noted "[d]efendant's liability is not affected by the fortuitous circumstance that plaintiff was entitled to workers' compensation benefits. The compensation carrier's rights rise no higher than the employee's rights to which it is subrogated." Continental, 288 N.J. Super. at 190.

The judge also attempted to reconcile the holdings in Lambert v. Travelers Indemnity Co. of America, 447 N.J. Super. 61 (App. Div. 2016) and

Continental.  He distinguished <u>Lambert</u>, determining those plaintiffs were not subject to the verbal threshold or presumptively vaulted it; thus, "each of the three plaintiffs could prove a viable cause of action against the tortfeasor." Each of the three plaintiffs in <u>Lambert</u> reached settlements with the tortfeasors. Therefore, the judge deemed it "appropriate that the lien on economic damages paid by the workers' compensation carrier [was] satisfied" by the plaintiffs' respective recoveries.

Finally, the judge concluded the workers' compensation carrier does not have an independent right to subrogate against a tortfeasor when the injured employee is unable to establish a cause of action against the tortfeasor. Regarding the interplay of the WCA and AICRA as to final responsibility for medical expenses incurred by workers who are injured in work-related motor vehicle accidents, the judge reasoned:

> It is the public policy of the state to have injured persons secure prompt medical attention with assurances the bills will be paid if they are in the course of their employment or if they are involved in an automobile accident.  If the injured person's no-fault carrier pays PIP benefits, it can seek reimbursement from the injured person's workers' compensation carrier once it is established the injured person was in the course of his or her employment when the accident occurred.  If plaintiff's view here were accepted, the workers' compensation carrier would pay the PIP carrier, and then seek reimbursement from the tortfeasor who is insured under an AICRA policy.  The Legislature specifically

sought to eliminate the expensive and complicated claims process by creating the "no-fault" automobile insurance statute in the first place. Said public policy, a significant underpinning to the automobile no-fault scheme, would be thwarted if the automobile PIP carriers secure reimbursement from the injured person's workers' compensation carrier, and then that workers' compensation carrier subrogates the economic loss against a motor vehicle tortfeasor who is part of the no-fault insurance system. Such a result would be contrary to a goal of AICRA, i.e. to reduce the cost of automobile insurance by reducing the number of litigated claims.

[(Citations omitted).]

The judge granted summary judgment to defendants and dismissed the complaint with prejudice. This appeal followed.

NJ Transit argues its right for reimbursement of paid workers' compensation benefits is governed by the WCA, not AICRA, and the verbal threshold does not bar its claims for economic loss.

## II.

We review the grant or denial of a motion for summary judgment de novo under the same standard as the trial court. Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a

judgment or order as a matter of law.'"  Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)).  Here, no issue of material fact exists and only a question of law remains.  Therefore, we afford no special deference to the legal determinations of the trial court, and review the trial court's legal determinations de novo.  Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016).

III.

"Workers' compensation benefits must be paid for personal injuries caused by an 'accident arising out of and in the course of employment.'"  N.J. Mfrs. Ins. Co. v. Pub. Serv. Elec. & Gas, 234 N.J. Super. 116, 118 (App. Div. 1989) (quoting *N.J.S.A.* 34:15-7).  See also Univ. of Mass. Mem'l Med. Ctr., Inc. v. Christodoulou, 180 N.J. 334, 346 (2004) ("With certain limited exceptions, the [WCA] is the exclusive remedy for an employee who suffers a work-related injury.").  As long as the employee's injuries were caused by a third-party and not the employer, the WCA gives the workers' compensation carrier an absolute right to seek reimbursement from the tortfeasor for the benefits it has paid to the injured employee.  Lambert, 447 N.J. Super. at 67.  Under Section 40, "the workers' compensation carrier is entitled to reimbursement whether or not the employee is fully compensated." Utica Mut. Ins. Co. v. Maran & Maran, 142 N.J. 609, 613 (1995).

AICRA's collateral source rule, N.J.S.A. 39:6A-6, "places the primary obligation to pay benefits covered by both workers' compensation and PIP on the employer rather than the PIP insurer." Portnoff v. N.J. Mfrs. Ins. Co., 392 N.J. Super. 377, 383 (App. Div. 2007) (citing Lefkin, 229 N.J. Super. at 12). Therefore, "workers' compensation benefits are the primary source of recovery for injuries suffered by employees in a work-related automobile accident, and PIP insurers are relieved from the obligation to pay medical expenses under N.J.S.A. 39:6A-6." Lambert, 447 N.J. Super. at 71.

This matter does not involve the respective responsibility of the workers' compensation carrier and the injured employee's PIP insurer. Instead, the issue is whether the workers' compensation carrier may obtain reimbursement from the tortfeasor for the benefits paid to the injured employee for his economic damages. If so, the tortfeasors' automobile liability coverage would indemnify the tortfeasors, not their PIP coverage.

First, we discuss the case relied upon by the motion judge. In Continental, the plaintiff workers' compensation carrier brought a subrogation action against the defendant, Blanche McClelland, to recover workers' compensation benefits it paid to injured employee Scott McLaughlin as a result of injuries he sustained in a work-related automobile accident caused by the defendant's negligence. 288 N.J. Super. at 187. The trial court held

McLaughlin's election of the verbal threshold in his own insurance policy did not deprive the workers' compensation carrier of its right to recover the amounts it had paid to him. The defendant appealed the partial summary judgment ruling that struck her verbal threshold defenses.

On appeal, the workers' compensation carrier argued the trial court properly found its right to reimbursement under Section 40 was unaffected by the collateral source rule, N.J.S.A. 39:6A-6, the evidence bar of N.J.S.A. 39:6A-12, or the verbal threshold statute, N.J.S.A. 39:6A-8, when workers' compensation payments are made as a result of an automobile accident. Id. at 188. The Continental court concluded the sole issue was whether McLaughlin's election of the verbal threshold barred the employer's claim for reimbursement pursuant to Section 40. Ibid.

The panel recognized Section 40 "reserves to the injured employee a cause of action against the third party and creates a right of reimbursement in the employer or its insurance carrier." Id. at 189 (citations omitted). Thus it is "immaterial to an action against a defendant tortfeasor" whether an injured employee who is subject to the verbal threshold by his own insurance policy is able to recover workers' compensation benefits. Id. at 189-90. However, the panel then reasoned:

> Defendant's liability is not affected by the fortuitous
> circumstance that plaintiff was entitled to workers'

compensation benefits. The compensation carrier's rights rise no higher than the employee's rights to which it is subrogated. Plaintiff was clearly entitled to receive PIP benefits for his economic loss. Whether he received them is immaterial.

Although N.J.S.A. 34:15-40 authorizes an employer to institute the action against the tortfeasor if the injured person does not do so, the third party shall be liable only to the same extent as he would have been liable had the employee himself instituted suit within a year of the accident. Thus, since McLaughlin was subject to the verbal threshold, his workers' compensation carrier is subject to that defense in an action seeking recovery from defendant.

[Id. at 190 (citations omitted).]

The Continental panel relied on the fact the employee "could not have recovered any medical payments from defendant" under the No Fault Act to bar the workers' compensation carrier from recovering those monies from defendant. Id. at 189-90. The panel further reasoned:

In the trial court, plaintiff argued that its loss was entirely economic and therefore outside the scope of N.J.S.A. 39:6A-8(a), which bars recovery for noneconomic loss unless its criteria are met. There is merit to plaintiff's claim because N.J.S.A. 39:6A-12 specifically states that the New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 to -35, does not limit "the right of recovery, against the tortfeasor, of uncompensated economic loss sustained by the injured party." Had McLaughlin not had a work-related accident, he could have received medical payments and income continuation benefits under his automobile insurance policy. McLaughlin could not have recovered any medical payments from defendant.

11

> Furthermore, PIP benefits are paid by the injured party's automobile insurance carrier (or workers' compensation carrier as in this case), not by the tortfeasor's insurance company.
>
> [Id. at 190 (citations omitted).]

The panel remanded the case to the trial court to determine whether McLaughlin actually suffered an uncompensated income loss. Id. at 191.

Subsequent published opinions have not adopted the reasoning of Continental; they have followed the holding of Lefkin. See, e.g., Talmadge v. Burn, 446 N.J. Super. 413 (App. Div. 2016). We recognize Lefkin was decided before AICRA was enacted. However, "nothing in AICRA changed the statutory provisions on which Lefkin relied. Importantly, both N.J.S.A. 39:6A-12 and N.J.S.A. 39:6A-6 predated AICRA and neither of those provisions were substantively changed by AICRA so as to require a result different from the conclusion reached in Lefkin." Lambert, 447 N.J. Super. at 76.

In Lefkin, the plaintiff was injured in a work-related automobile collision and all of his medical expenses were paid by his employer's workers' compensation carrier who then asserted a Section 40 lien against the settlement the plaintiff received from the tortfeasors. 229 N.J. Super at 5-7. The plaintiff then sued his automobile insurer seeking to have it pay the portion of the Section 40 lien related to his medical expenses since it had not paid any PIP

benefits.  Id. at 7-9.  The plaintiff argued his automobile insurer should be liable for the portion of the Section 40 lien related to medical expenses because such a recovery was barred by the No Fault Act.  Id. at 6-7.  Thus, the plaintiff reasoned his settlement with the tortfeasors could not have included remuneration for his medical expenses.  Id. at 7-8.  The trial court dismissed plaintiff's claims against his PIP carrier.

On appeal, the Lefkin panel rejected the plaintiff's argument, holding:

> there is no bar against recovery of the medical expenses collected or collectible in workers' compensation from the tortfeasor.  This is so because PIP benefits are not available to an insured if workers' compensation benefits are also available to him.  Consequently, PIP benefits in that situation are neither collectible nor paid.  Hence, . . . there is no other impediment to the plaintiff-insured-employee recovering his medical expenses from the tortfeasor even though that recovery will ultimately be subject to the compensation lien.

[Id. at 9.]

There are three potential sources of reimbursement of medical expenses and wage loss incurred by an employee injured in a work-related motor vehicle accident: "workers' compensation benefits, PIP benefits, and recovery from the tortfeasor."  Id. at 8.  Here, Mercogliano recovered those losses solely through workers' compensation benefits.  He did not seek or obtain recovery from his PIP insurer or the tortfeasor.

A-0761-17T3

"Where only workers' compensation benefits and PIP benefits are available, the primary burden is placed on workers' compensation[,]" pursuant to the collateral source rule of N.J.S.A. 39:6A-6. Id. at 9. "[W]hen only PIP benefits and tortfeasor liability are involved, the primary burden is placed . . . on the PIP carrier by N.J.S.A. 39:6A-12." Ibid. However, "where both workers' compensation benefits and the proceeds of a tort action have been recovered, the tort recovery is primary" pursuant to Section 40. Id. at 8-9. In turn, we hold where workers' compensation benefits have been paid, but the injured employee has not sought or obtained recovery from the tortfeasor, the primary burden is placed on the tortfeasor.

This court reached a similar conclusion in Lambert, where we considered three consolidated appeals, which all presented similar material facts. Each plaintiff was injured in a work-related automobile accident. Lambert, 447 N.J. Super. at 67. Each plaintiff's insurance policy provided PIP coverage. Ibid. Each plaintiff received medical expense and indemnity benefits from his or her employer's workers' compensation carrier. Ibid. Each plaintiff settled their claims against the third-party tortfeasor in an amount that exceeded the amount of benefits he or she had received from the workers' compensation carrier. Id. at 67-68. The workers' compensation carriers then asserted Section 40 liens against each of the plaintiff's third-party recoveries.

Id. at 68-70. Each plaintiff then moved to reduce the Section 40 liens to exclude medical benefits, arguing reimbursement of the medical expenses was precluded because PIP medical expense benefits would not have been recoverable from the tortfeasors under AICRA. Id. at 67-70.

The motion judge ruled the workers' compensation carriers were not entitled to recover the medical expenses because the injured workers were not entitled to recover such expenses from the tortfeasors under N.J.S.A. 39:6A-12. Id. at 67. The judge reasoned that the injured workers were limited by the no-fault system established by AICRA; the workers' compensation carrier "effectively stepped into the shoes" of the automobile insurer, and "the normal recovery provisions of the [WCA] did not apply." Id. at 67.

The Lambert panel rejected that interpretation of the interplay between AICRA and the WCA, holding:

> that when a worker is injured in the course of his or her employment in a motor vehicle accident and workers' compensation coverage is available, the right of the injured worker to pursue claims against the third-party tortfeasor and the right of the workers' compensation insurer to be reimbursed are governed by the WCA and not AICRA. Accordingly, the injured worker may recover medical expenses from the third-party tortfeasor and N.J.S.A. 39:6A-12 does not apply. The workers' compensation insurer, in turn, has a right to be reimbursed for the appropriate portion of the medical expenses it has already paid under N.J.S.A. 34:15-40 (Section 40).

[Ibid.]

The Lambert panel found it significant that nothing in AICRA's statutory language or legislative history

> suggests the Legislature meant to treat workers, who are injured in a work-related automobile accident, as if they were limited by AICRA's no-fault system. Nor is there any suggestion that the Legislature intended to treat workers' compensation insurers as if they were PIP insurers. Indeed, there is simply no discussion of such an incorporation. It is fair to assume that had the Legislature intended to effectuate such a major change, it would have used express language in the statute and discussed that incorporation in AICRA's legislative history.
>
> [Id. at 75.]

We concur with this analysis. AICRA was enacted eighty-seven years after the WCA. If the Legislature had intended to treat workers injured in automobile accidents differently from workers injured in any other manner, it would have unambiguously expressed such an intent. We find the same to be true with respect to rights of workers' compensation carriers to seek recovery pursuant to Section 40, which long pre-dated AICRA's enactment.

We also note NJ Transit seeks to recover benefits paid to Mercogliano for economic loss comprised of medical expenses and wage loss, not noneconomic loss. See N.J.S.A. 39:6A-2(k). The verbal threshold does not apply to economic loss. Haywood v. Harris, 414 N.J. Super. 204, 211-12

(App. Div. 2010). An "injured worker may recover medical expenses from the third-party tortfeasor and N.J.S.A. 39:6A-12 does not apply." Lambert, 447 N.J. Super. at 67. "The compensation lien attaches to all sources of third-party recovery . . . ." Primus v. Alfred Sanzari Enters., 372 N.J. Super. 392, 401 (App. Div. 2004). A workers' compensation carrier has an independent right to seek reimbursement from the tortfeasor pursuant to N.J.S.A. 34:15-40(f).

To be clear, Mercogliano's automotive insurer paid him no benefits and incurred no costs, and the workers' compensation carrier does not seek reimbursement from Mercogliano's automotive insurer. On the contrary, NJ Transit seeks reimbursement from the negligent third-party tortfeasors pursuant to Section 40. If successful, NJ Transit's workers' compensation carrier would be reimbursed by the tortfeasors, subject to their right to indemnification from their own automotive insurers. Therefore, allowing NJ Transit to pursue reimbursement does not conflict with AICRA's collateral source rule, N.J.S.A. 39:6A-6.

For these reasons, we hold NJ Transit's workers' compensation carrier is permitted to pursue its claim for reimbursement of the worker's compensation benefits paid to the injured employee against the third-party tortfeasors. We reverse the summary judgment granted to defendants and remand this matter to the trial court for entry of partial summary judgment in favor of NJ Transit.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

18                                                             A-0761-17T3